

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARLOS CHICO WOODS,
        Petitioner : **1: CV01-1078**

Vs. : Civil No.:

JOSEPH W. Chesney, Supt/Warden,
William F. Ward, Chairman of the
Pennsylvania Board of Probation
AND PAROLE, Michael Fisher,
Attorney General for the State
OF Pennsylvania.
        Respondents.

FILED
SCRANTON
JUN 1 8 2001
PER _____ DEPUTY CLERK

## PETITION FOR AN EXTRAORDINARY WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §§ 1331 & 2254

And Now Comes, The petitioner Carlos Chico Woods, respectfully requesting that this Honorable Court's in its' Original Jurisdiction Grant his request for relief in this case. Petitioner states the following statements in support of this Petition:

### I. JURISDICTION

Petitioner states that this Honorable Court's have the original jurisdiction to entertain this petition in its' entirety, pursuant to Title 28 U.S.C. §§ 1331 and 2254(a); (d)(7) and (d)(8).

### II. SUMMARY ARGUMENT OF JURISDICTION

Petitioner argues that this Honorable Court has original jurisdiction to entertain this petition for A Extraordinary Writ of Habeas Corpus, pursuant to Title 28 U.S.C. §§ 1331 and 2254(a); (d)(7), and (d)(8).

Petitioner argues that pursuant to **28 U.S.C. § 1331**, This Court shall have original jurisdiction of all civil actions arising under the Constitution; Laws, or Treaties of the United States.

Petitioner further argues that pursuant to **28 U.S.C. §§ 2254(a) & 2254(d)(7), and (d)(8)**, This Court has the right to entertain this Petition. 2254(a) States that the Supreme Court, a Justice thereof, a Circuit Judge, or a District Court shall entertain an application for an Extraordinary Writ of Habeas Corpus in behalf of a person in custody pursuant to the judgment of a State Court only on the grounds that he is in custody in violation of the Constitution or Laws or Teaties of the United States. In 2254(d)(7) & (d)(8). States that, In any proceeding instituted in a Federal Court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court, a determination after a hearing on the factual issues, made by a Sates Court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit : **(7).** that the applicant was otherwise denied due process of law in the State Court Proceeding; And **(8).** Or unless that part of the record of the State Court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal Court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by And in an evidentiary hearing in the Federal Court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set fourth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondents, or unless the Court concludes pursuant to the prvisions of paragraph numbered (8) that the record in the State Court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State Court was erroneous. Therefore, giving this Honorable Court's original Jurisdiction to entertain this Petition.

2.

## III. SUMMARY ARGUMENT

Petitioner argues that he has been denied his Constitutional Rights under the **Fifth 5th and Fourteenth 14th Amendments, Due Process, and Equal Protection Clause. And Article 1 § 26 of the Pennsylvania Constitution.**

Petitioner further argues that the Respondents' Pennsylvania Board of Probation and Parole, have denied him parole release under arbitrary and capricious reasons. Petitioner argues that the Board by doing so, has fail to comply with the Mandatory Duty to abide by the Equal Protection Clause of the United States Constitution, and the Pennsylvania Constitution under Article 1 § 26.

Petitioner argues that the Board has individually discriminated against the petitioner, where other parole violators where treated with lesser penalties than the petitioner. Petitioner argues that those parole violators, were second and third time violators, with worse offenses than his, and with new convictions for those offenses.

Petitioner argues that before he had violated parole, he had not never been convicted of a crime accept the one that he was on parole for at that time, and that he was never on parole before, and that this was his first violation of parole, and the Board ordered him to max out his entire sentence, without any consideration for the time that the petitioner had already completed awaiting the Board to come and get him.

Petitioner argues that he was paroled on February 2 , 1996, and violated his parole in December of 1996, in which the petitioner caught a new case, of Second Degree Robbery, Possession within 1000 ft of a School, and Resisting Arrest. The petitioner did a total of twenty two months for those offenses, and was later returned to the State of Pennsylvania to answer to his violation charges.

Petitioner argues that he was picked up by two (2) parole agents from the State of Pennsylvania on November  , 1998, from the State Correctional Facility(MPCJF) Multi Purpose Correctional Justice Facility Gander Hill, in Wilmington Delaware. Petitioner was taken to the State

Correctional Institution SCI.Graterford to await an Parole Revocation Hearing. Petitioner argues that on February 20, 1999, he was called down to the institution's parole office, in which he was given a sheet with his parole charges on it, but the sheet did not have a date in which the Board was going to review him. Petitioner was than called out to see the parole board on February 22, 1999, two days after he had received his sheet with the parole charges, to have a parole revocation hearing. Petitutioner argues that he was not given enough time to prepare his defense for this hearing, and was therefore denied his Constitutional Rights to Due Process.

Petitioner further argues that at the revocation hearing, he was represented by an attorney from the Montgomery County Public Defenders Office, who the petitioner had never met, and the parole baord was not even prepared to hear the petitioner's case, because there was no agent from the board there, to represent the board in this matter, the parole hearing examiner had to call some one from the institution's parole office to stand in for the agent who had not showed up, and those agents were not familiar with the petitioner's case, but they still proceeded with the hearing any way. Again, violating the petitioner's Due Process Rights.

Petitioner argues that he was told by the hearing examiner, that if he was to pled guilty to the techical violations, the board would give him only six (6) to twelve (12) months for the violations, and what ever the board was to give him later for the new conviction, the (6) to (12) months would authomatically run concurrent with the hit for the new case. And because the petitioner was not prepared to defend himself, and because petitioner's counsel who he had never met before to discuss his case with, was also unprepared to defend the petitioner, the petitioner went ahead and pled guilty to the technical violations and waited for his parole green sheet to come back. Petitioner argues that when he received his green sheet on May 07, 1999, the board's decision was against the agreement that was agreed to at the revocation hearing with the petitioner and the hearing examiner, because the green sheet had maxed the petitioner out, by given the petitioner a parole hit of ninty one (91) months, exceeding the petitioner's original sentence by three

years.

Petitioner argues that he was sentenced to a three (3) to ten (10)years sentence to run concurrent with a One (1) to Five (5) years, making his sentence a total of (3) to (10) year sentence. Petitioner's maximum sentence date was originally May 2002, the parole board extended that sentence to October 2005, aggravating the court's original sentence from three (3) to TEN (10) years, to three (3) to thirteen (13) year sentence. This also was a clear violation of the petitioner's due process rights.

Petitioner now argues that the Board not only has discriminated against him because of his race and religion, but that the Board has also violated his Constitutional Rights to the Equal Protection Clause, under both the **Fourteenth (14) Amendment**, and the **Pennsylvania Constitution** Under **Article 1 § 26.**

Petitioner argues that the Board did not consider any of the mitigating factors involved in it's parole decision. Such as the fact that this was the petitioner's first time on parole, and first time ever violating that parole, nor did the Board consider the fact that the petitioner had completed a number of programs while he was in Delaware doing a sentence of twenty one (21) months, nor did the Board consider the fact that the petitioner had done those (21) months as a model inmate, with recommandations from the staff at the institution in Delaware to grant the petitioner re-parole, and finally, the Board did not consider the fact that the petitioner had been given an additional two and half (2½) years of probation to be completed upon his release on parole. None of these mitigating factors were ever considered by the Board while making their decision whether or not to re-parole the petitioner.

Petitioner argues that the gave him such an extended length of time on his parole hit, because he was a black african american, and because of his Muslim Religious Beliefs. Petitioner argues that the Board has engaged in this form of conduct for some time now, and it has been reported by some employees who worked for the Department of Corrections, and the Parole division both.

Petitioner further argues that the Board has also discriminated against him, by granting other parolees reparole, after they have only completed parole hits of nine (9) to eighteen (18) months, for the same offenses that the petitioner had violated his parole on, and those parolees who have been reparoled, were second and third time parole violators with new charges worse than the petitioner's. Petitioner argues that most of those parolees who were reparoled were of the White American Descendents, and some of them were of the black african american descent also, but the petitioner who is a Black African American Muslim, was denied that same right as those who were reparoled. Petitioner was not given the same consideration that those parolees who were second and third time violators with worse offenses than the petitioner were given. Therefore, violating the petitioner's Constitutional Rights to the Equal Protection Clause, protected by both the (14th) Amendment, and the Pennsylvania Constitution under Article 1 § 26.

Petitioner now argues that he appealed the Board's unconstitutional decision, to the Pennsylvania Board of Probation and Parole by way of administrative review, and to both the Commonwealth Court of Pennsylvania, and the Pennsylvania Supreme Court's, and both court's denied to review the Board's decision, and affirmed that decision, without proper review.

Petitioner argues that due to Commonwealth Courts holdings in **Weaver v. Pennsylvania Board of Probation and Parole**, At 688 A.2d 766 (Pa.Cmwlth.Ct. 1997), the Federal Courts must conduct evidentiary hearings on a State Prisoners habeas corpus claims, to determine why the parole board denied parole, when the prisoner alleges an unconstitutional decision based on refusal of parole. See **Marshall v. Pennsylvania Board of Probation and Parole**, at 668 A.2d 136 (1995)....

Petitioner further argues that this Honorable Court's holds precedents over the State Courts decisions, because the State Courts have continued to refuse to recognize the Constitutional Violations which are being violated by the Pennsylvania State Parole Board. And they also continue to refuse to hear any parole cases challenging incorrect parole decisions. See **Reider v. Pennsylvania Board of Probation and Parole**, at 514 A.2d 967 (1986), and **Weaver v. Pennsylvania Board of Probation and Parole**, at 688 A.2d 766 (1997).

Petitioner now states that the Board has a mandatory duty to comply with the Equal Protection Clause of the U.S. Constitution and Article 1, Section 26 of the Pennsylvania Constitution, which states that, Neither the Commonwealth nor any political subdivision thereof, shall deny to any person the enjoyment of any civil right, nor discriminate against any person in exercise of any civil right. As in this case, the respondents' have clearly discriminated against the petitioner, because the petitioner has a liberty interest flowing from the due process clause in having the Board consider his status as a first time violator, and his recent application for re-parole without violating his consitutional rights, which in this case the Board discriminated against the petitioner, and denied the petitioner's constitutional rights to the Equal Protection Clause of the United States, and those simular provisions of the Pennsylvania Constitutions.

Petitioner finally states that the Supreme Court has stated; that although not explicitly stated, we assume the period of recommitment as a technical violator was to run concurrent with the period of recommitment for the conviction violation, since any other interpretaion would lead to the impermissible result of the appellant remaining incarcerated for a period of time in excess of the sentence originally imposed by the trial judge. See <u>Massey v. Pennsylvania Board Of Probation And Parole</u>, at 509 Pa. 256, 501 A.2d 1114 (1985); and <u>Robinson v. Pennsylvania Board of Probation and Parole</u>, at 103 Pa.Commonwealth Ct. 495, 500-01, 520 A.2d 1230, 1234 (1987).

**WHEREFORE**, The petitioner Carlos Chico Woods, respectfully requests that this Honorable Court's in its' jurisdiction, REVERSE the Board's Parole Decision filed on March 27, 1999, recommiting the petitioner to a term of ninety one (91) months, and on March 11, 2001, denying the petitioner's Application for reparole, and order the Board to change the petitioner's recommitment time to meet the same time as those violators which were granted reparole at eighteen (18) to twenty four (24) months, with the same convictions as the petitioner. It is also requested that the Board refrain from discriminating against parolees who return for the first time on parole. Petitioner finally, requests that this Honorable Court's appoint counsel to represent the petitioner in this Writ. The

petitioner thanks this Honorable Court's for its' time and consideration in this matter, and respectfully request this Honorable Court's to allow the petitioner to reserve his rights to file an amended petition when counsel is appointed in this matter.

Dated: June 08, 2001

Respectfully Submitted

x. *Carlos C. Woods*

Mr. Carlos Chico Woods, Pro-se
BY-9729 SCI.Frackville
1111 Altamont Blvd.
Frackville, PA 17931-2699

## CERTIFICATE OF AN INCARCERATED INMATE
## SHOWING SERIVCE ON RESPONDENTS

I, Carlos Chico Woods, hereby certify that on the 09th DAY OF June, 2001. I placed the attached copy of an Petition for Writ of Habeas Corpus, in the hands of the Prison officials for immediate forwarding to the parties below, by placing said petition in the Prison's U.S. Mail Box:

Mary E. D'Andrea
Clerk of Courts
William J. Nealon Federal Bldg,
& U.S. Courthouse
235 N. Washington Ave.
P.O. Box 1148
Scranton, Pa 18501

William F. Ward
Chairman of the Board
1101 S. Front Street, Suite 5300
Harrisburg, Pa 17104

Joseph W. Chesney
Superintendent
SCI.Frackville
1111 Altamont Blvd.
Frackville, Pa 17931-2699

I state that the above statement is a true and correct one under the penalty of perjury...

Respectfully Submitted
x. *Carlos C. Woods*
Mr. Carlos Chico Woods, Pro-se
BY-9729 SCI.Frackville
1111 Altamont Blvd.
Frackville, Pa 17931-2699