See Attachment

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

Carlos Chico Woods,              :
                                 :
        Petitioner,              :
                                 :    CIVIL NO. 1:CV-01-1078
    v.                           :
                                 :    (Judge Caldwell)
Chesney, et. al,                 :
                                 :
        Respondents              :

O R D E R

FILED
HARRISBURG, PA
JUL 3 1 2001
MARY E. D'ANDREA, CLERK
Per_____ Deputy Clerk

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On June 18, 2001, Carlos Chico Woods, an inmate at the State Correctional Institution at Frackville, Frackville, Pennsylvania, filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is the petitioner's July 23, 2001 - "Answer and Response to this Honorable Court's Recent Notice to the Petitioner Filed on July, 2001" (doc. 9). Petitioner's recent submission requests the Court appoint him counsel in this matter as well as grant him a Temporary Preliminary Injunction in "his 1983 claim which he has filed with this Honorable Court's (sic) under (Carlos Chico Woods and Dwight Denmark, et al., v. Martin Horn, et al.) as he claims he is in "imminent danger." (Doc. 9). This Memorandum will address each request in turn.

Although prisoners have no "automatic" constitutional or statutory rights to appointment of counsel in a federal habeas

corpus proceeding, a court does have broad discretionary power to appoint counsel under 18 U.S.C. § 3006A(a)(2).[1] Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992); Morrison v. Duckworth, 898 F.2d 1298, 1300-01 (7th Cir. 1990); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985), cert. denied, 479 U.S. 913 (1986).

A court must consider several factors in deciding whether the "interests of justice require" the appointment of counsel for a petitioner in a habeas corpus proceeding, including the complexity of the factual and legal issues in the case and the pro se petitioner's ability to investigate facts and present claims. Reese, 946 F.2d at 263 (citing Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990)). For example, it has been held that there was no abuse of discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, see Terrovona v. Kincheloe, 912 F.2d 1176, 1177 (9th Cir. 1990), cert. denied, 499 U.S. 979 (1991), or the issues were "straightforward and capable of resolution on the record," Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990), or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions." LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

---

[1] Any person seeking relief under 28 U.S.C. §§ 2241 or 2254 may be provided counsel, "whenever the United States magistrate or the court determines that the interests of justice so require" and such person is "financially eligible." 18 U.S.C. § 3006A(a)(2) (1996).

-2-

In this case, there appear to be no circumstances which warrant the appointment of counsel at this time. The court's liberal construction of pro se pleadings, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972), coupled with petitioner's apparent ability to litigate this action pro se, militate against the appointment of counsel. Moreover, the legal issues are relatively uncomplicated, it appears that there will be no need for a hearing, and the court can not say, at least at this point, that petitioner will suffer prejudice if he is forced to prosecute this case on his own.

Therefore, petitioner's motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by the petitioner.

Turning now to petitioner Woods' request for a temporary Preliminary Injunction in "his 1983 claim" which he claims is pending before the court under, Woods v. Horn, the court is unaware of any such action. Woods, aside from providing the caption of his § 1983, provides no docket number.[2] After reasonable inquiry, the Court is unable to determine if Woods has another action, outside of his present habeas corpus petition, pending in the Middle

---

[2]Likewise, he provides no specifics as to his § 1983 case, or the alleged "imminent danger" which he claims has befallen him due to the respondents' actions.

District. Regardless, petitioner's request for relief in his unrelated civil rights action is inappropriate in the matter presently before the Court - the alleged denial of parole. Petitioner is advised to file an appropriate motion in the appropriate action, or a separate lawsuit, to address his concerns of unspecified "imminent danger" requiring unspecified relief in the form of a preliminary injunction.

AND NOW, this 31st day of July, 2001, it is ordered that:

1. Petitioner's motion for appointment of counsel (Doc. 9) is denied.

2. Petitioner's request for a "Temporary Preliminary Injunction" is denied.

*[signature]*
WILLIAM W. CALDWELL
United States District Judge

-4-

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

July 31, 2001

Re: 1:01-cv-01078   Woods v. Chesney

True and correct copies of the attached were mailed by the clerk to the following:

Carlos Chico Woods
SCI-F
BY-9729
SCI at Frackville
1111 Altamount Blvd.
Frackville, PA  17931-2699

cc:
Judge                           (✓)          (✓) Pro Se Law Clerk
Magistrate Judge                ( )          ( ) INS
U.S. Marshal                    ( )          ( ) Jury Clerk
Probation                       ( )
U.S. Attorney                   ( )
Atty. for Deft.                 ( )
Defendant                       ( )
Warden                          ( )
Bureau of Prisons               ( )
Ct Reporter                     ( )
Ctroom Deputy                   ( )
Orig-Security                   ( )
Federal Public Defender         ( )
Summons Issued                  ( ) with N/C attached to complt. and served by:
                                    U.S. Marshal ( )    Pltf's Attorney ( )

Standard Order 93-5             ( )
Order to Show Cause             ( ) with Petition attached & mailed certified mail
                                    to:  US Atty Gen   ( )    PA Atty Gen ( )
                                         DA of County  ( )    Respondents ( )

Bankruptcy Court                ( )
Other_____        ( )
                                                MARY E. D'ANDREA, Clerk

DATE:  7/31/01                          BY: _____
                                                Deputy Clerk