Law Clerk's Copy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARLOS CHICO WOODS         :
                                    :

      Petitioner            :

                                    :      CIVIL NO. 1: CV-01-1078

                                    :

CHESNEY, et al.            :      (Judge Caldwell)

                                    :

      Respondents        :

FILED
HARRISBURG, PA

SEP 12 2001

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## RESPONDENTS' ANSWER
## TO THE PETITION FOR WRIT OF HABEAS CORPUS

Respondents, by and through their attorney, Victoria S. Freimuth, Deputy Attorney

General, answer Petitioner's writ of habeas corpus as follows. A seriatim response is being

dispensed with in the interest of clarity.

    1.     Petitioner, Carlos Chico Woods, BY-9729, is an inmate currently incarcerated at

the State Correctional Institution at Frackville ("SCI-Frackville"). In February 1992, Petitioner

was serving a sentence of three to ten years for Violations of Control Substance Act, Possession

with Intent to Deliver and Theft. Petitioner's sentence carried a maximum expiration date of

February 22, 2003. (See **Attachment A**, Commonwealth Court Opinion in Woods v.

Pennsylvania Board of Probation and Parole, 2503 C.D. 1999; see also **Attachment B,** Sentence

Status Summary Sheet). Petitioner was paroled to the intensive supervision unit on February 22,

1996 and permitted to live with his grandmother in Brooklyn, New York. (See **Attachment A;**

see also **Attachment C**, Board Green Sheet dated February 14, 1996). The New York Division

of Parole agreed to maintain supervision. (See **Attachment D**, Interstate Compact Agreement).

Petitioner failed to maintain regular contact with his parole supervision and later absconded to

Delaware. (See **Attachment A, p. 2).**

2.    While on supervised parole, Petitioner was arrested in Wilmington, Delaware on

December 29, 1996 for robbery, conspiracy, and possession of a firearm. Petitioner used the

alias of Mark Brown at the time of his arrest. In May 1997, the New York Division of Parole

notified the Pennsylvania Board of Probation and Parole ("Board") that Petitioner had

absconded. On July 11, 1997, Petitioner was convicted on the robbery charge and sentenced to a

term of incarceration of three years. After serving six months, Petitioner's sentence provided

that the remainder of the sentence (two years and six months) would be converted into a

suspended sentence and Petitioner would be released on probation. (See **Attachment A**, p. 2;

see also **Attachment E**, Sentence Order Superior Court of the State of Delaware dated July 11,

1997).

3.    On July 25, 1997, the National Crime Information Center (NCIC) notified the

Board of Petitioner's arrest in Delaware. (See **Attachment F**, NCIC report dated July 24 1997).

The next day, the Board notified the Wilmington police of Petitioner's parole violations and

inquired as to Petitioner's current custody status. The Board received no response. By order

dated August 12, 1997, the Board declared Petitioner delinquent, effective January 7, 1997. (See

**Attachment G,** Board Green Sheet date August 12, 1997). On September 15, 1997, the

Wilmington police responded to the Board's inquiry, noting that Petitioner was in custody and

requesting further information. Before the Board could respond, Petitioner had served the six

months and was release on probation. (See **Attachment A**, p. 2).

     4.     On September 23, 1997, Petitioner was again arrested by the Wilmington police

on numerous charges, including possession of cocaine, possession with intent to deliver,

possession of drug paraphernalia and resisting arrest. On October 3, 1997, the Board issued a

warrant for Petitioner's arrest. (See **Attachment H**, Arrest Warrant). On December 3, 1997,

Petitioner was found guilty of possession of cocaine within 1000 feet of a school and resisting

arrest. Petitioner received a two year sentence, with one year being suspended. (See

**Attachment I**, Sentence Order Superior Court of Delaware dated December 3, 1997).

     5.     Petitioner served a term of incarceration of one year in Delaware and remained

incarcerated pursuant to an order for Court No. 18 of the Court of the Justices of the Peace of the

State of Delaware in and for New Castle County requiring Petitioner's detention as a fugitive

from the Commonwealth of Pennsylvania. (See **Attachment J**, Court No. 18 Commitment dated

October 23, 1998). On October 23, 1998, Petitioner signed a waiver of extradition form in

Delaware, thereby consenting to his return to Pennsylvania. (See **Attachment K**, Waiver of

Extradition). On the same date, Court No. 18 issued an order authorizing the release of

Petitioner to Pennsylvania authorities. (See **Attachment L**, Order regarding Waiver of

Extradition).

     6.     On November 20, 1998, Petitioner returned to the custody of Pennsylvania and

signed a waiver of a panel hearing. (See **Attachment M**, Waiver of Panel Hearing). Petitioner

was subsequently provided with a notice of charges and hearing detailing his new Delaware

convictions and his multiple technical violations. (See **Attachment N**, Board Notice of Charges

-3-

and Hearing). A parole revocation hearing was scheduled and held at the State Correctional Institution at Graterford on February 22, 1999. (See **Attachment O**, Hearing Transcript dated February 22, 1999). At the hearing, Petitioner admitted to the multiple technical violations. Additionally, certified records of Petitioner's new Delaware convictions were admitted into evidence without objection, at this hearing. (See **Attachment A**, p. 3; See also **Attachment O**).

7.    On April 27, 1999, the Board recommitted Petitioner to serve twenty-seven months backtime as a technical parole violator and sixty-four months backtime consecutively as a convicted parole violator, for a total of ninety-one (91) months. Petitioner's parole violation maximum sentence date was recalculated to October 15, 2005. (See **Attachment P**, Board Green Sheet dated April 27, 1999).

8.    Petitioner thereafter filed a <u>pro se</u> request for administrative relief, essentially alleging that the Board's calculation of his backtime was beyond the presumptive range for such violations and was not supported by substantial evidence. (See **Attachment Q**, Petitioner's requests for administrative relief). Petitioner filed a supplemental <u>pro se</u> request for administrative relief, alleging the Board failed to provide him with sufficient notice of his parole revocation hearing, that the hearing violated his due process rights, that he was misinformed by the hearing examiner and would not have admitted to the technical violations but for this misinformation, that evidence was not available at the time of the hearing which would have established that he did not commit the actual robbery in Delaware and that the Board erred in determining that he was a threat to the community and in imposing such a harsh sentence. (See **Attachment Q**).

9.    In response to Petitioner's original request for administrative relief, the Board issued an order dated August 30, 1999, modifying its previous order such that Petitioner was recommitted to serve only eighteen months backtime as a technical parole violator, in addition to the sixty-four months of backtime as a convicted parole violator, for a new total of eighty-two (82) months.  (See **Attachment R**, Parole Recommitment).  The Board dismissed Petitioner's supplemental request for administrative relief as untimely and not permitted pursuant to 37 Pa. Code §73.1(b)(3).

10.    On or around September 16, 1999, Petitioner filed a Petition for Review in Commonwealth Court raising the same arguments contained in his original and supplemental requests for administrative relief to the Board.  (See **Attachment S**, Petition for Review.)  On October 4, 1999, Commonwealth Court appointed the public defender of Wayne County to represent Petitioner.  (See **Attachment T**, Commonwealth Court order appointing counsel).

11.    Upon review of the certified record, appointed counsel determined that no grounds for appeal existed and that Petitioner's appeal was frivolous.  Appointed counsel filed a petition to withdraw with Commonwealth Court, accompanied by a notice and letter to the Petitioner dated March 14, 2000 which provided detailed reasons as to why the appeal lacked merit and was frivolous.   (See **Attachment U**, Appointed Counsel's Petition to Withdraw).  On July 21, 2000, Commonwealth Court granted appointed counsel's motion to withdraw and affirmed the Board's denial of administrative relief.  (See **Attachment A**, p. 10).  On January 11, 2001, the Pennsylvania Supreme Court denied Petitioner's Petition for Leave to File Petition for Allowance of Appeal Nunc Pro Tunc.  (See **Attachment V**, Supreme Court order dated January 11, 2001).

-5-

12.    On June 18, 2001, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1331 and 2254(a); (d)(7) & (8).   Petitioner claims that his denial of parole by the Board violates his constitutional rights under the 5th and 14th Amendments, regarding due process and equal protection, as well as  Article 1, §26 of the Pennsylvania Constitution.

## I.    PETITIONER'S CLAIMS DO NOT STATE A BASIS FOR HABEAS RELIEF 28 U.S.C. § 2254

13.    State prisoners are not so constrained in the habeas corpus petitions that they may bring under section 2254.  Rather, section 2254(a) permits "a person in custody pursuant to the judgment of a State court" to apply for a writ of habeas corpus "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  This section makes no distinction between challenges to the validity, as opposed to the execution, of a sentence.  The lack of any such distinction was not a legislative oversight; section 2254 applies to all habeas corpus petitions brought by state prisoners.

14.    The Supreme Court has addressed the applicability of section 2254 to habeas corpus petitions brought by state prisoners.  In *Felker v. Turpin*, 518 U.S. 651 (1996), the Supreme Court recognized that its authority to grant habeas relief to state prisoners is constrained by § 2254 "which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State Court.'" 518 U.S. at 662 (citing § 2254(a)).  In so finding, the Court implicitly recognized that section 2254 was the appropriate vehicle for state prisoners to bring habeas corpus petitions.

-6-

15.    A prisoner in Petitioner's circumstance may obtain a writ of habeas corpus only if he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a).

**Due Process Claim**

16.    The Supreme Court has made clear that the Fourteenth Amendment does not require due process unless the state interferes with a protected liberty or property interest. *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 459-460 (1989); *Hewitt v. Helms*, 459 U.S. 460, 466-471 (1983).

17.    Petitioner has no constitutionally-based right to parole under the United States Constitution. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1 (1979); *McCrery v. Mark*, 823 F. Supp. 288, 293 (E.D. Pa. 1993). Nor has Pennsylvania created a liberty interest in the possibility of parole. "[U]nder both this court's precedent and the precedent of the United States Supreme Court, the Parole Board's decision to grant or deny parole does not affect an existing enjoyment of liberty. Consequently, appellants fail to establish that they have a liberty interest in parole which is protected by the United States Constitution." *Rogers v. Pennsylvania Board of Probation and Parole*, 724 A.2d 319, 323 (Pa. 1999). *See generally Weaver v. Pennsylvania Board of Probation and Parole*, 688 A.2d 766 (Pa. Cmwlth. 1997); *Reider v. Pennsylvania Board of Probation and Parole*, 514 A.2d 967 (Pa. Cmwlth. 1986).

18.    While states may create liberty interests protected by the Fourteenth Amendment's due process clause, *see Sandin v. Connor*, 115 S.Ct. 2293, 2300 (1995), these

-7-

interests are generally "limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection of the Due Process Clause of its own force, ... nonetheless imposes atypical and significant hardship on the inmate in relation of the ordinary incidents of prison life." *Id.* (citations omitted). A decision not to release an imprisoned convict before reaching his maximum sentence does not impose an atypical and significant hardship on the prisoner in relation to the ordinary incidents of a prison sentence. *See Orellan v. Kyle,* 65 F.3d 29 (5th Cir. 1995). Typically, prison sentences are served in prison.

19.    Pursuant to 61 P.S. §331.21a(b), a technical parole violator must be given credit for street time served in good standing and may not be recommitted beyond the expiration date of the original sentence. The time spent in good standing prior to recommitment for technical violations is not shielded from forfeiture where the parolee subsequently commits a new crime and is recommitted as a convicted parole violator. *See Palmer v. Pennsylvania Board of Probation and Parole,* 704 A.2d 195, 197 (Pa. Cmwlth. 1997); *Houser v. Pennsylvania Board of Probation and Parole,* 682 A.2d 1365 (Pa. Cmwlth. 1996), *petition for allowance of appeal denied,* 692 A.2d 568, (Pa. 1997).

20.    Petitioner here has no protectible liberty interest in the possibility of parole and therefore, no right to due process. Petitioner asserts that since this was his first violation of parole he should not have received the amount of backtime he received when recommitted and therefore his due process and equal protection rights must have been violated.

21.    A claim that the Board has violated state law is not sufficient for federal habeas relief. In this case, the Board followed state law. Pennsylvania law grants the Board unfettered discretion to grant or deny parole. Although Petitioner disagrees with the Board's decision,

-8-

Pennsylvania law grants the Board the discretion to make these determinations.  Its authority is

unconstrained by any particularized substantive predicates.  *See* 61 P.S. § 331.21.  The Board is

only authorized, but not required, to parole a convict.  The decision to parole is left to the

Board's complete discretion.


**Equal Protection Claim**

     22.     The equal protection clause "is not a command that all persons be treated alike

but, rather, 'a directions that all persons similarly situated should be treated alike.'" *Artway v.*

*Attorney General*, 81 F.3d 1235, 1267 (3d Cir. 1996)(quoting *City of Cleburn v. Cleburn Living*

*Center*, 473 U.S. 432, 439 (1985)).

     23.     In order to properly state an equal protection claim under the Fourteenth

Amendment, Plaintiff must contend that he is receiving different treatment than that received by

others similarly situated.  *See, Gobla v. Crestwood,* 609 F. Supp. 972, 978 (M.D. Pa. 1985).

Furthermore, a plaintiff must show an intentional or purposeful discrimination because of

"membership in a particular class, and not merely because he or she was treated unfairly as an

individual." *Gobla*, 609 F. Supp. at 978 (quoting *Huebschen v. Department of Heath and Social*

*Services*, 716 F.2d 1167 (7th Cir. 1983)); *See also, Wilson v. Schillinger*, 761 F.2d 921, 929 (3d

Cir. 1985).

     24.     Petitioner fails to demonstrate that he is similarly situated to other inmates that are

treated with lesser penalties under the same circumstances.  It would be difficult, if not

impossible, for another inmate to have the similar circumstances regarding the amount of

backtime for parole violations, because each recommitment is on a case by case basis.  In

addition, although Petitioner baldly claims that he is being treated differently because of his race and religion, he fails to demonstrate an intentional or purposeful discrimination because of this membership.

### Pennsylvania Constitution Article 1, §26

25.    Pursuant to Article 1, §26 of the Pennsylvania Constitution, "[n]either the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right."

26.    Since Petitioner has no constitutional right to parole, he has not been denied of the enjoyment of any civil right.

WHEREFORE, as the petition presents no cognizable constitutional claim, the petition should be dismissed without hearing.

                                        Respectfully submitted,

                                        D. MICHAEL FISHER
                                        Attorney General

                                        *U.S. Freimuth*
                                        VICTORIA S. FREIMUTH
                                        Deputy Attorney General


                                        SUSAN J. FORNEY
                                        Chief Deputy Attorney General
                                        Chief, Litigation Section

                                        Counsel for Respondents


OFFICE OF ATTORNEY GENERAL
Litigation Section
15th Floor, Strawberry Square
Harrisburg PA 17120

DATE: September 12, 2001

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**CARLOS CHICO WOODS**       :
              :

       **Petitioner**       :

              :       **CIVIL NO. 1: CV-01-1078**

              :

**CHESNEY, et al.**       :       **(Judge Caldwell)**

              :

       **Respondents**       :

## ATTACHMENTS TO RESPONDENTS'
## ANSWER TO THE PETITION FOR
## WRIT OF HABEAS CORPUS

Commonwealth Court Opinion in *Woods v. PBPP*, 2503 C.D. 1999 . . . . . . . . . . Attachment A

Sentence Status Summary Sheet . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Attachment B

Board Green Sheet Dated February 14, 1996 . . . . . . . . . . . . . . . . . . . . . . . . . . . Attachment C

Interstate Compact Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Attachment D

Sentence Order Superior Court of the State of Delaware Dated July 11, 1997 . . . . Attachment E

NCIC Report Dated July 24, 1997 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Attachment F

Board Green Sheet Dated August 12, 1997 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Attachment G

Arrest Warrant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Attachment H

Sentence Order Superior Court of Delaware Dated December 3, 1997 . . . . . . . . . . Attachment I

Court No. 18 Commitment Dated October 23, 1998 . . . . . . . . . . . . . . . . . . . . . . . . Attachment J

Waiver of Extradition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Attachment K

Order Regarding Waiver of Extradition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Attachment L

Waiver of Panel Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Attachment M

Board Notice of Charges and Hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Attachment N

Hearing Transcript Dated February 22, 1999 . . . . . . . . . . . . . . . . . . . . . . . . . . . . Attachment O

Board Greene Sheet Dated April 27, 1999 .................................. Attachment P

Petitioner's Requests for Administrative Relief ........................... Attachment Q

Parole Recommitment ............................................... Attachment R

Petition for Review ................................................. Attachment S

Commonwealth Court Order Appointing Counsel ......................... Attachment T

Appointed Counsel's Petition to Withdraw ............................... Attachment U

Supreme Court Order Dated January 11, 2001 .......................... Attachment V

# TAB - 1

CC:  PBPP ATTORNEYS (5), DIANE WILLIER,
     CHAIRMAN WARD, A   BOARD MEMBERS (8),
     BOARD SECRETARY, SYNDI GUIDO, SETH MENDELSOHN

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

CARLOS CHICO WOODS,                 :
        Petitioner              :
                                :
        v.                      :   No. 2503 C.D. 1999
                                :   SUBMITTED: June 16, 2000
PENNSYLVANIA BOARD OF               :
PROBATION AND PAROLE,               :
        Respondent              :

BEFORE:   HONORABLE DAN PELLEGRINI, Judge
        HONORABLE JIM FLAHERTY, Judge
        HONORABLE JOSEPH F. McCLOSKEY, Senior Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE McCLOSKEY        FILED:  **July 21, 2000**

      Before this Court is a petition to withdraw filed by Scott B. Bennett, Esquire (Counsel).  Counsel has been court-appointed to represent Carlos Chico Woods (Petitioner) in the instant case.  Petitioner has filed a petition with this Court for review of a decision of the Pennsylvania Board of Probation and Parole (Board), denying Petitioner's request for administrative relief after the Board revoked his parole, recommitted him to serve a total of eighty-two months backtime as both a technical and convicted parole violator and recalculated his parole violation maximum sentence date.  Counsel requests that he be permitted to withdraw on the basis that no grounds for appeal exist and the appeal is frivolous.

      Petitioner was originally serving a sentence of three to ten years on drug related charges.  Petitioner's sentence carried a maximum expiration date of February 22, 2003.  Petitioner was paroled to the intensive supervision unit on February 26, 1996.  However, Petitioner was permitted to reside with his

grandmother in Brooklyn, New York, and the New York Division of Parole agreed to maintain supervision of Petitioner. Petitioner failed to maintain regular contact with his parole supervision and later absconded to Delaware.

On December 29, 1996, Petitioner was arrested in Wilmington, Delaware, on charges of robbery, conspiracy and possession of a firearm. Petitioner was using an alias of Mark Brown at the time. Nonetheless, a computer check with the National Crime Information Center (NCIC) revealed Petitioner's true identity. In May of 1997, the New York Division of Parole notified the Board that Petitioner had absconded. On July 11, 1997, Petitioner was convicted on the robbery charge and sentenced to a term of incarceration of three years. After serving six months, Petitioner's sentence provided that the remainder of the sentence, i.e., two years and six months, would be converted into a suspended sentence and Petitioner would be released on probation.

On July 24, 1997, the NCIC notified the Board by teletype of Petitioner's arrest in Delaware. The next day, the Board notified the Wilmington police of Petitioner's parole violations and inquired as to whether they still had Petitioner in custody. The Board received no immediate response from the Wilmington police. By order dated August 12, 1997, the Board declared Petitioner delinquent, effective January 7, 1997. On September 15, 1997, the Wilmington police responded to the Board's inquiry, noting that Petitioner was in custody and requesting further information. However, before the Board could respond, Petitioner had served his six months and he was released on the aforementioned probation.

On September 23, 1997, Petitioner was arrested again by the Wilmington police on numerous charges, including possession of cocaine,

possession with intent to deliver, possession of drug paraphernalia and resisting arrest. On October 3, 1997, the Board issued a warrant for Petitioner's arrest. The warrant was forwarded to the Delaware Department of Correction. On December 3, 1997, Petitioner was found guilty of possession of cocaine within 1000 feet of a school and resisting arrest. Petitioner was sentenced to a term of incarceration of two years, with one year being suspended.

Petitioner served a term of incarceration of one year. Nevertheless, he remained incarcerated in Delaware pursuant to an order from Court No. 18 of the Court of the Justices of the Peace of the State of Delaware in and for New Castle County (Court No. 18), requiring Petitioner's detention as a fugitive from this Commonwealth. On October 23, 1998, Petitioner signed a waiver of extradition form in Delaware, consenting to his return to this Commonwealth. On the same day, Court No. 18 issued an order authorizing the release of Petitioner to Pennsylvania authorities. Petitioner was eventually returned to the custody of this Commonwealth on November 20, 1998. On this day, Petitioner signed a waiver of a panel hearing.

Petitioner was subsequently provided with a notice of charges and hearing detailing his new Delaware convictions and his multiple technical violations, i.e., failing to maintain regular contact with parole supervision staff, leaving the parole district without permission and changing residences without permission. A parole revocation hearing was scheduled and held at the State Correctional Institution at Graterford on February 22, 1999. At the hearing, Petitioner admitted to the multiple technical violations. Additionally, certified records of Petitioner's new Delaware convictions were admitted into evidence, without objection, at this hearing.

By order dated April 27, 1999, the Board recommitted Petitioner to serve twenty-seven months backtime as a technical parole violator and sixty-four months backtime consecutively as a convicted parole violator, for a total of ninety-one months. Petitioner's parole violation maximum sentence date was recalculated to October 15, 2005. Petitioner thereafter filed a <u>pro</u> <u>se</u> request for administrative relief, essentially alleging that the Board's calculation of his backtime was excessive[1] and was not supported by substantial evidence.

Petitioner then filed a supplemental <u>pro</u> <u>se</u> request for administrative relief, alleging the Board failed to provide him with sufficient notice of his parole revocation hearing, that the hearing violated his due process rights, that he was misinformed by the hearing examiner and would not have admitted to the technical violations but for this misinformation, that evidence was not available at the time of the hearing which would have established that he did not commit the actual robbery in Delaware and that the Board erred in determining that he was a threat to the community and in imposing such a harsh sentence.

In response to Petitioner's original request for administrative relief, the Board issued an order dated August 30, 1999, modifying its previous order such that Petitioner was recommitted to serve only eighteen months backtime as a technical parole violator,[2] in addition to the sixty-four months of backtime as a convicted parole violator, for a new total of eighty-two months. The Board thereafter mailed a letter to Petitioner on September 16, 1999, granting in part and

---

[1] Petitioner was actually alleging that the backtime imposed for his technical violations was beyond the presumptive range for such violations.

[2] This eighteen months of backtime was within the presumptive range for Petitioner's technical violations.

denying in part Petitioner's requests for administrative relief. The Board noted that Petitioner's original request for administrative relief was granted and that it took appropriate action to reduce the backtime imposed with respect to his technical violations.

With respect to Petitioner's supplemental request for administrative relief, the Board dismissed the same. The Board, citing 37 Pa. Code. §73.1(b)(3), noted that it does not accept second or subsequent petitions for administrative relief. Additionally, the Board noted that Petitioner's supplemental request was untimely. Petitioner thereafter filed a pro se petition for review with this Court, essentially raising the same arguments contained in both his original and supplemental request for administrative relief to the Board. By order of this Court dated October 4, 1999, we appointed the public defender of Wayne County to represent Petitioner. The case was then assigned to Counsel as indicated above.

The Board later filed a motion to limit the issue/application for stay, alleging that Petitioner's petition for review raised issues for the first time, i.e., issues raised in his supplemental request for administrative relief, and that these issues were not raised in his original request for such relief. Hence, the Board alleged that these issues had been waived and that Petitioner's petition for review should be decided solely on the basis of the issues raised in Petitioner's original request. By order of this Court dated November 29, 1999, we listed the Board's motion to limit the issue with the merits of Petitioner's petition for review and dismissed the Board's application for stay as moot.

The Board forwarded a copy of the certified record to Counsel. Upon review of the record, Counsel determined that no grounds for appeal existed and that Petitioner's appeal was frivolous. Counsel filed a petition to withdraw with

this Court. Accompanying Counsel's petition was a notice and letter to Petitioner dated March 14, 2000, in which Counsel detailed the reasons why he found that the appeal lacked merit and was frivolous. In his letter, Counsel addressed every issue raised by Petitioner in his petition for review.

Counsel indicated that the Board's calculation of Petitioner's backtime was not excessive and was supported by substantial evidence. More specifically, Counsel indicated in his letter that Petitioner's original parole violation maximum sentence date was February 22, 2003, that Petitioner was released on parole on February 26, 1996, and that the Board properly calculated Petitioner's remaining backtime since his parole as six years, eleven months and twenty-six days. Counsel also indicated that parolees who are subsequently recommitted as convicted parole violators are precluded from receiving credit against their maximum sentences for time spent at liberty on parole. Further, Counsel indicated that the Board's decision was supported by Petitioner's admissions to the technical violations and the introduction into evidence, without objection, of the certified records of Petitioner's two convictions in Delaware.[3]

In Commonwealth v. Turner, 518 Pa. 491, 544 A.2d 927 (1988), our Supreme Court set forth the proper procedure to be followed when court-appointed counsel seeks to withdraw from representation on the basis that issues raised by the petitioner are frivolous. This Court has interpreted Turner as requiring counsel to file a no-merit letter containing (1) the nature and extent of counsel's review; (2) the issues the petitioner wishes to raise; and (3) counsel's analysis in concluding

---

[3] As indicated above, Counsel addressed every issue in his letter that Petitioner raised in his petition for review. However, for the reasons that follow, we need not address each of the issues detailed by Counsel.

that the petitioner's appeal is frivolous.  <u>Vandermark v. Pennsylvania Board of Probation and Parole</u>, 685 A.2d 628 (Pa. Cmwlth. 1996); <u>Epps v. Pennsylvania Board of Probation and Parole</u>, 565 A.2d 214 (Pa. Cmwlth. 1989).

Counsel must satisfy these requirements before we may consider any request to withdraw an appearance.  <u>Vandermark</u>.  Moreover, in reviewing a petition to withdraw, this Court must make an independent evaluation of the proceedings before the Board to determine whether the petitioner's appeal is wholly frivolous.  <u>Id</u>.  A wholly frivolous appeal is one that is completely devoid of points that might arguably support an appeal.  <u>Congo v. Pennsylvania Board of Probation and Parole</u>, 522 A.2d 676 (Pa. Cmwlth. 1987).  If the petitioner's appeal is in fact frivolous, counsel's petition to withdraw will be granted.

In this case, we begin by addressing Petitioner's supplemental request for administrative relief.  As the Board properly indicated in its letter mailed to Petitioner on September 16, 1999, it does not accept second or subsequent administrative appeals.  <u>See</u> 37 Pa. Code §73.1(b)(4).[4]  Moreover, as the Board again properly indicated in its letter, Petitioner's supplemental request for administrative relief was untimely.  An appeal of a revocation decision of the Board must be received at the Board's central office within thirty days of the mailing date of the Board's order.  <u>See</u> 37 Pa. Code §73.1(b)(1).  Here, the Board's revocation order was mailed on May 6, 1999.  However, the Board did not receive Petitioner's supplemental request for administrative relief until July 12, 1999.  Hence, the Board acted properly in dismissing Petitioner's supplemental request

---

[4] In its letter, the Board incorrectly cited 37 Pa. Code §73.1(b)(3).

for administrative relief as improper under 37 Pa. Code §73.1(b)(4) and as untimely under 37 Pa. Code §73.1(b)(1).

In his petition for review to this Court, Petitioner raised issues identical to those raised in his supplemental request for administrative relief. However, as indicated above, those issues were never properly before the Board. The law is well settled that issues not raised before the Board are waived and will not be addressed by this Court. See McDaniel v. Pennsylvania Board of Probation and Parole, 587 A.2d 42 (Pa. Cmwlth. 1991); Newsome v. Pennsylvania Board of Probation and Parole, 553 A.2d 1050 (Pa. Cmwlth. 1989). Thus, we grant the Board's motion to limit the issues before this Court and we restrict our review to only those issues that were raised in both Petitioner's petition for review and his original request for administrative relief.

Next, we turn our attention to the backtime imposed upon Petitioner for his multiple technical violations. By order of the Board dated April 27, 1999, Petitioner was originally recommitted for a term of twenty-seven months backtime as a result of these violations. In his original administrative appeal, Petitioner alleged that the Board's calculation was excessive and was not supported by substantial evidence. In actuality, Petitioner was alleging that the backtime imposed for these technical violations was beyond the presumptive range for the same.[5] Finding Petitioner to be correct, the Board issued an order dated August 30,

---

[5] The presumptive ranges for recommitment as a technical parole violator are found at 37 Pa. Code §75.4. This Section provides for a maximum presumptive range of eighteen months. Hence, Petitioner was correct that the Board's April 27, 1999, order exceeded the maximum presumptive range. In such a case, the Board is required to provide a written justification for the increased backtime listing any aggravating factors. See Moroz v. Pennsylvania Board of Probation and Parole, 660 A.2d 131 (Pa. Cmwlth. 1995). The Board did not do so in this case.

8

1999, modifying its previous order such that Petitioner was recommitted to serve only eighteen months backtime, within the presumptive range, as a technical parole violator. The Board's order was supported by Petitioner's own admissions to his technical violations at his parole revocation hearing.[6] See Certified Record at 36-39.

Next, we turn our attention to Petitioner's recommitment as a convicted parole violator. At Petitioner's parole revocation hearing, an agent of the Board submitted into evidence, without objection, certified records of Petitioner's two Delaware convictions. See Certified Record at 37-39, 50-63. Petitioner presented no evidence to challenge these convictions. These records alone constitute substantial evidence in support of the Board's order recommitting Petitioner as a convicted parole violator.

Moreover, Section 21.1(a) of what is commonly referred to as the "Parole Act"[7] states that where a parolee is recommitted as a convicted parole violator "he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and shall be given no credit for the time at liberty on parole." "In other words, a parolee who is

---

[6] The Board has wide discretion in imposing backtime for parole violations. See Lotz v. Pennsylvania Board of Probation and Parole, 548 A.2d 1295 (Pa. Cmwlth. 1988), affirmed, 525 Pa. 567, 583 A.2d 427 (1990). Where the violations are supported by substantial evidence and the backtime imposed is within the presumptive range for those violations, we will not review the Board's exercise of discretion. Id. Moreover, when the Board's recommitment order is within the presumptive range, "any challenge to the recommitment is not a valid basis for administrative relief." Dear v. Pennsylvania Board of Probation and Parole, 686 A.2d 423, 425 (Pa. Cmwlth. 1996).

[7] Act of August 6, 1941, P.L. 861, added by Act of August 24, 1951, P.L. 1401, as amended, 61 P.S. §331.21a(a).

recommitted as a convicted parole violator automatically forfeits the time spent on parole." Palmer v. Pennsylvania Board of Probation and Parole, 704 A.2d 195, 197 (Pa. Cmwlth. 1997).

In Palmer, we also stated that "[s]ince the loss of street time is statutorily mandated, due process does not require the board to provide notice to the parolee because there is nothing the parolee can say on his behalf or in mitigation at the hearing to prevent the loss of time at liberty on parole." Id. Additionally, we have previously held that the Board may deny credit for street time after a conviction in another state. See Krantz v. Pennsylvania Board of Probation and Parole, 698 A.2d 701 (Pa. Cmwlth. 1997), petition for allowance of appeal denied, 550 Pa. 711, 705 A.2d 1312 (1998).

Furthermore, Section 21.1(b) of the Parole Act, 61 P.S. §331.21a(b), does provide that a technical parole violator must be given credit for street time served in good standing and may not be recommitted beyond the expiration date of the original sentence. However, time spent in good standing prior to recommitment for technical violations is not shielded from forfeiture where the parolee subsequently commits a new crime and is recommitted as a convicted parole violator. See Palmer; Houser v. Pennsylvania Board of Probation and Parole, 682 A.2d 1365 (Pa. Cmwlth. 1996), petition for allowance of appeal denied, 547 Pa. 759, 692 A.2d 568 (1997).

After an independent review of the record, we agree that Petitioner's appeal is wholly frivolous. Further, as Counsel's no merit letter sets forth the extent of Counsel's review, the issues Petitioner wishes to raise and Counsel's analysis in concluding that Petitioner's appeal is frivolous, we hold that it satisfies the requirements of Turner and we grant Counsel's petition to withdraw. Finally,

because we conclude that no basis for relief exists, we also affirm the Board's denial of administrative relief.

JOSEPH F. McCLOSKEY, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

CARLOS CHICO WOODS,        :
       Petitioner        :
                         :
      v.              :     No. 2503 C.D. 1999
                         :
PENNSYLVANIA BOARD OF    :
PROBATION AND PAROLE,     :
       Respondent      :

## O R D E R

AND NOW, this __21st__ day of ___July___, 2000, the petition filed by Scott B. Bennett, Esquire, to withdraw as counsel for Carlos Chico Woods (Petitioner) is granted.  The motion to limit the issue filed on behalf of the Pennsylvania Board of Probation and Parole (Board) is also granted.  The order of the Board mailed September 16, 1999, granting in part and denying in part Petitioner's requests for administrative relief, is affirmed.

JOSEPH F. McCLOSKEY, Senior Judge

Certified from the Record

JUL 2 1 2000

and Order Exit

# TAB - 2

DC-16D

**SENTENCE STATUS SUMMARY**

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
Replaces form JBC-16C which may be used

1. SENTENCE SUMMARY *SCI Waymart December 19*

| Class of Sentence | | DEFINITE | ☒ INDEFINITE | | GENERAL | | LIFE | | COMMUTED LIFE | | EXECUTION |

| Date | County | Number, Term Court. Indictment | Type Sent | Min Y | Min M | Min D | Max Y | Max M | Max D | Judge | Offense | Offense Tracking Number |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11-24-92 | ALLEGHENY | 9000650 | | 1 | – | – | 5 | – | – | JEFFREY A MANNING | VCSDD&CA W/INT DELC | 386834 |
| 2-22-93 | Allegheny | CC#9000678 (Ct#3) | CC | 3 | | 10 | | | | J.Manning | VCSDDCA | C343649 |
| 2-22-93 | Allegheny | CC#9000678 (Ct#1) | CC | 3 | | 10 | | | | J.Manning | PWID | C343649 |
| 2-22-93 | Allegheny | CC#9000286 | CS | PROBATION | | 2 | | | | J.Manning | Retail Theft | C344611 |

| Continued From DC# | Plea BEING FOUND GUILTY | Total Sentence: 3 1 | – | – | 10 5 | – | – | Commitment Credit 2 DAYS & FROM 05-21-92 TO 11-24-92 |

Fines

Costs

Restitution

Summary or Remarks on Sentence

SSN: 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

/#678  **2. DATES SECTION**

| item | Original | Change #1 | Change #2 | Change #3 | Change #4 | Change #5 |
|---|---|---|---|---|---|---|
| DATE OF RECEPTION | 11-30-92 | 11-30-92 | | | | |
| EFFECTIVE DATE | 05-19-92 | 2-22-93 | | | | |
| EXPIRATION OF MINIMUM | 05-19-93 | 2-22-96 | | | | |
| EXPIRATION OF MAXIMUM | 05-19-97 | 2-22-2003 | | | | |
| EFFECTIVE DATE - PV | X X X X X | | | | | |
| DELINQUENT TIME | X X X X X | | | | | |
| BACKTIME | X X X X X | | | | | |
| NEW MAXIMUM - PV | X X X X X | | | | | |
| SENTENCE CHANGE | X X X X X | 3-30-93 | | | | |
| BASIS FOR CHANGE | X X X X X | OL CC Sentences | | | | |
| NEW SENTENCE | X X X X X | 3y to 10y | | | | |

| Release Method—Inst.—Date | 2nd Release Method—Inst.—Date | 3rd Release: Method—Inst.—Date | 4th Release: Method—Inst.—Date |

**3. REFERENCES AND IDENTIFICATION**

| Admission Inst.—Date IP. 11-30-92 | 2nd Admission: Inst.—Date T/CDCC 1-26-93 | 3rd Admission Inst.—Date 5-11-93 | 4th Admission: Inst.—Date |
| Executing Police Department MONROEVILLE | Place of Birth BROOKLYN, NY | Date of Birth 10-25-70 | Marital Status SINGLE | R-S B/M |

| Number 9729 | PBPP Number 5516-X | SID Number 1917381-0 | Name WOODS, CARLOS CHICO | ☒ TN | ALIAS |

(OVER)

# Exhibit 3

 

TICE OF BOARD DECISION
PP-15 (6/92)

# COMMONWEALTH OF PENNSYLVANIA
## PENNA. BOARD OF PROBATION AND PAROLE

DATE: 021496

CLIENT NAME:  CARLOS CHICO WOODS                    PAROLE NO: 5516X

INSTITUTION:  STATE CORRECTIONAL INSTITUTION WAYMART    INSTITUTION NO: BY9729


AS RECORDED ON      011696      THE BOARD OF PROBATION AND PAROLE RENDERED THE
FOLLOWING DECISION IN YOUR CASE:


PAROLE ON OR AFTER 02-22-96 ON SENTENCES RUNNING CONCURRENTLY TO THE INTENSIVE
SUPERVISION UNIT PROVIDING THERE ARE NO MISCONDUCTS, YOU
REMAIN INVOLVED IN REQUIRED PROGRAMS AND YOU HAVE SUBMITTED A MINIMUM OF FIVE
LETTERS OF EMPLOYMENT/VOCATIONAL TRAINING/EDUCATION INQUIRY, ALSO SUBJECT TO
AN APPROVED PLAN.

YOU MUST ABIDE BY ALL OF THE SUPERVISION REQUIREMENTS IN THE INTENSIVE
SUPERVISION UNIT.

UPON YOUR RELEASE, AN EVALUATION/DETERMINATION WILL BE MADE AS TO YOUR NEED FOR
DRUG/ALCOHOL TREATMENT.
YOU WILL FOLLOW ALL TREATMENT RECOMMENDATIONS AND INSTRUCTIONS OF THE
TREATMENT AND/OR PAROLE SUPERVISION STAFF. YOU WILL BE REQUIRED TO SIGN THE
APPROPRIATE RELEASE FORM FOR CONFIDENTIAL INFORMATION.

YOU ARE REQUIRED TO SUBMIT TO URINALYSIS TESTING AND YOU MUST PAY FOR THE
COSTS OF THE TESTS (ACT 97-2).
YOU MUST NOT CONSUME ALCOHOL UNDER ANY CONDITION OR FOR ANY REASON.
YOU MUST NOT ENTER ESTABLISHMENTS THAT SELL OR DISPENSE ALCOHOL EXCEPT AS
APPROVED BY THE SUPERVISION STAFF.
(CONTINUED ON PAGE 2)


JAMES W. RIGGS
BOARD SECRETARY


FILE COPY

 

TICE OF BOARD DECISION
PP-15 (6/92)

# COMMONWEALTH OF PENNSYLVANIA
## PENNA. BOARD OF PROBATION AND PAROLE

DATE:  021496

CLIENT NAME:   CARLOS CHICO WOODS                    PAROLE NO:  5516X

INSTITUTION:   STATE CORRECTIONAL INSTITUTION WAYMART     INSTITUTION NO:  BY9729

AS RECORDED ON     011696     THE BOARD OF PROBATION AND PAROLE RENDERED THE
FOLLOWING DECISION IN YOUR CASE:

(CONTINUED FROM PAGE 1)

YOU MUST NOT CONTACT OR ASSOCIATE WITH PERSONS WHO SELL DRUGS, OR WITH DRUG
USERS,  OUTSIDE OF A TREATMENT SETTING.
YOU MUST SUPPORT YOUR DEPENDENTS.
YOU MUST MAINTAIN EMPLOYMENT AS APPROVED BY PAROLE SUPERVISION STAFF.
YOU MUST ENGAGE IN AN ACTIVE JOB SEARCH DURING ANY PERIOD OF UNEMPLOYMENT AND
PROVIDE VERIFICATION AS DIRECTED BY PAROLE SUPERVISION STAFF.

YOU SHALL PAY A MONTHLY SUPERVISION FEE OF $25.00 TO THE PAROLE BOARD WHEN
UNDER SUPERVISION WITHIN THE COMMONWEALTH OF PENNSYLVANIA (ACT 35 OF 1991).

WHEN RELEASED TO THE COMMUNITY YOU MUST REPORT IN PERSON TO THE DISTRICT OFFICE
OR SUB OFFICE WITHIN 24 HOURS (MONDAY THROUGH FRIDAY) BETWEEN THE HOURS OF
8:30 A.M. - 5:00 P.M.

MAX. 02-22-2003.

JJM 02-14-96*

James W. Riggs

**JAMES W. RIGGS**
**BOARD SECRETARY**

FILE COPY

Exhibit 4

 

STATE OF NEW YORK

EXECUTIVE DEPARTMENT

DIVISION OF PAROLE



BRION D. TRAVIS
CHAIRMAN

Date: April 3, 1996

INTERSTATE BUREAU
845 CENTRAL AVENUE
EAST -2
ALBANY, NY 12206
(518) 457-7566

TO: ___PENNSYLVANIA___ INTERSTATE COMPACT

FROM: Jim McClaine, Parole Officer
      Investigations Unit
      Interstate Bureau

                          Re:   WOODS, Carlos C.

                          No:   PA 5516-X

## ARRIVAL NOTICE

Subject has arrived in the State of New York and is now under active
supervision.

Reports will be submitted on a semi-annual basis.

  Please advise of subject's ME Date.

cc: BROOKLYN V AREA OFFICE - PO Driver
    (for NYS P.O.)

    _____ Fingerprints and photos received.

    __XX__ Please forward fingerprints and photos for NYSID check.

Exhibit 5

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE      CASE NO. 9612014844
       V.      CR.A. NO. PN97010164
MARK BROWN

     CHARGE: ROBBERY 2ND
DOB: 11/25/68
SBI: 00363439      CHARGE DISP: PLED GUILTY - LESSER

SENTENCE ORDER

NOW, THIS 11TH DAY OF JULY, 1997, IT IS THE ORDER OF THE COURT THAT:

THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE CHARGED.

THE DEFENDANT IS TO PAY THE COST OF PROSECUTION. COSTS ARE HEREBY SUSPENDED.

EFFECTIVE DECEMBER 28, 1996, THE DEFENDANT IS PLACED IN THE CUSTODY OF THE DEPARTMENT OF CORRECTIONS AT SUPERVISION LEVEL 5 FOR A PERIOD OF 3 YEARS.

IF THE DEFENDANT IS PRESENTLY SERVING ANOTHER SENTENCE, THAT SENTENCE SHALL BE SUSPENDED UNTIL COMPLETION OF THIS SENTENCE.

AFTER SERVING 6 MONTHS AT SUPERVISION LEVEL 5, THIS SENTENCE IS SUSPENDED FOR 2 YEARS 6 MONTHS AT SUPERVISION LEVEL 3. AFTER SERVING 6 MONTHS AT SUPERVISION LEVEL 3, THIS SENTENCE IS SUSPENDED FOR 2 YEARS AT SUPERVISION LEVEL 2.

THE DEFENDANT SHALL MAKE RESTITUTION AS FOLLOWS: $163.66, PAYABLE TO SHAVONNE SMITH.

Probation and Parole Office

JUL 24 1997

RECEIVED

*Arrest #1*



STATE OF DELAWARE V. MARK BROWN,
9612014844

THE FOLLOWING CONDITIONS SHALL APPLY TO THIS SENTENCE, THE
DEFENDANT SHALL:

    PAY FINANCIAL OBLIGATIONS DURING THE PROBATIONARY PERIOD.

    BE EVALUATED FOR SUBSTANCE ABUSE AND FOLLOW ANY DIRECTIONS FOR
COUNSELING, TESTING, OR TREATMENT MADE BY THE PROBATION OFFICER.

    SUBMIT TO RANDOM URINALYSIS OR SUCH OTHER DRUG TESTING AS
DEEMED NECESSARY BY PROBATION OFFICER.

    OBTAIN A DIPLOMA OR GED DURING THE PROBATIONARY PERIOD.

    OBTAIN FULL-TIME, VERIFIABLE, GAINFUL EMPLOYMENT.

    SUPPORT HIS CHILDREN.

                                    _____
                                    JUDGE CARL GOLDSTEIN

# Exhibit 6

BPP221-9816   NLETS     07/25/97-09:00:44   07/25/97-09:00:43  0MK7PHSWGG1R
MESSAGE REQUEUED BY DHQ221    TO BPP221
AM.DCFBIWAP3
20:33-07/24/97-00933
20:33 07/24/97 09721 PA022035G
TXT (PA022035G,PAPSP0007)
ML0103948

TO:  BOARD PROB & PAROLE
     HARRISBURG, PA
NCIC CONTROL TERMINAL OFFICER - FOR INFORMATION

ON 07/24/97, ARREST FINGERPRINT CARD FOR BROWN,MARK WITH DOB OF
11/25/68, DATE OF ARREST 12/29/96 AND LOCAL IDENTIFICATION NUMBER 65922
WAS IDENTIFIED WITH FBI/341433HA2.  SUBJECT ARRESTED BY BUREAU OF
POLICE (ORI/DE0020600), WILMINGTON.  OUR RECORDS INDICATE YOUR AGENCY
HAS AN ACTIVE WANT FOR THIS INDIVIDUAL AS WOODS,CARLOS CHICO, CASE
NUMBER 5516X ENTERED IN NCIC (NIC/W014136068). SUBJECT'S IDENTIFICATION
RECORD, INCLUDING CURRENT ARREST INFORMATION, IS AVAILABLE VIA THE
INTERSTATE IDENTIFICATION INDEX. FOLLOW-UP ACTION BY YOU WITH THE
ARRESTING AGENCY MAY BE APPROPRIATE.

BPP221-9816   NLETS     07/25/97 09:00:47 - 07/25/97 09:00:43 0MK7PHSWGG1R
CLEAR OR CANCEL YOUR NCIC RECORD WHEN SUBJECT NO LONGER WANTED.

FBI CRIMINAL JUSTICE INFORMATION SERVICES DIVISION
CLARKSBURG, WV

**TAB - 7**

# COMMONWEALTH OF PENNSYLVANIA
## PENNA. BOARD OF PROBATION AND PAROLE

DATE: 081297

CLIENT NAME: CARLOS CHICO WOODS                    PAROLE NO: 5516X

INSTITUTION: SCI - WAYMART                          INSTITUTION NO: 3Y9729

AS RECORDED ON    071797    THE BOARD OF PROBATION AND PAROLE RENDERED THE
FOLLOWING DECISION IN YOUR CASE:

DECLARE DELINQUENT, EFFECTIVE: 01-07-97.

[ MEMO  07-17-97   FOULDS        CG 8-12-97 ]



(AC)

FILE COPY

W. CONWAY BUSHEY
BOARD SECRETARY



**TAB - 8**

PBPP 6 (12/88)

# COMMONWEALTH OF PENNSYLVANIA



**Board of Probation and Parole**
Box 1661 - Harrisburg, Pa. 17120

# WARRANT
## For Arrest of Paroled Prisoner

To any Parole Agent of the Pennsylvania Board of Probation and Parole or any Officer Authorized to Serve Criminal Process or any Peace Officer in the United States of America:

You are hereby authorized to arrest and detain for parole violation __Carlos Woods  AKA Mark Brown__ Parole No.__5516X__, paroled on __2/26/96__ from __SCI-Waymart__, under Institution No.__BY9729__ on the sentence at No.__CP 900000678, CP650,__ __Allegheny County__ under the jurisdiction of the Pennsylvania Board of Probation and Parole. For his (or her) arrest and detention this shall be your sufficient warrant.

It is hereby ordered that the said__Carlos Woods AKA Mark Brown__ be retaken and returned forthwith to the actual custody within the __Pennsylvania__ enclosure, and we hereby require __Leo Lubawy or Willie Pullins__ an officer of __The Pennsylvania Board of Probation and Parole__, to so retake and return __Carlos Woods__ and for so doing this shall be sufficient warrant.

Signed and sealed at Harrisburg, Pennsylvania

CERTIFIED

this __3rd__ day of __October__, 19__97__

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE**

*Marlin F. Foulds* (signature)

Director, Interstate Services

Marlin F. Foulds

ATTEST: *W. Conway Bushey* (signature)

Secretary

W. Conway Bushey

Warrant No.__5516X__

October 3, 1997

**TAB - 9**

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE                    CASE NO. 9709016497
            V.                       CR.A. NO. IN97100135
MARK BROWN

                                     CHARGE: POSSW/I1000'SCH
DOB: 11/25/68                        COCAINE
SBI: 00363439                        CHARGE DISP: PLED GUILTY

_Track I_

### SENTENCE ORDER

NOW, THIS  3RD DAY OF DECEMBER, 1997, IT IS THE ORDER OF THE COURT
THAT:

   THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE CHARGED.

   THE DEFENDANT IS TO PAY THE COST OF PROSECUTION.

   EFFECTIVE September 23,1997, THE DEFENDANT IS PLACED IN THE
CUSTODY OF THE DEPARTMENT OF CORRECTIONS AT SUPERVISION LEVEL 5
FOR A PERIOD OF 2 YEARS.

   UPON SUCCESSFUL COMPLETION OF KEY OR NEW HOPE, THIS SENTENCE IS
SUSPENDED FOR 1 YEAR AT LEVEL 3.



FILED
PROTHONOTARY
1998 FE 19 PM 3: 26

STATE OF DELAWARE V. MARK BROWN
9709016497

AS TO THE CHARGE OF IN97100139, RESIST ARREST,
IT IS THE ORDER OF THE COURT THAT:

THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE
CHARGED.

THE DEFENDANT IS PLACED IN THE CUSTODY OF THE DEPARTMENT OF
CORRECTION AT SUPERVISION LEVEL 5 FOR A PERIOD OF 30 DAYS.

THIS SENTENCE IS SUSPENDED FOR 30 DAYS AT SUPERVISION LEVEL 3.

THIS SENTENCE SHALL BE SERVED CONSECUTIVELY TO THE SENTENCE IN
CR.A. NO. IN97-10-0135.

THE NON-INCARCERATIVE PORTION OF THIS SENTENCE SHALL BE SERVED
CONSECUTIVELY TO THE NON-INCARCERATIVE PORTION OF THE SENTENCE
IMPOSED IN CR.A. NO. IN97-10-0135.

FILED
PROTHONOTARY
1998 FE 19 PH 3:26

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| STATE OF DELAWARE | ) CASE NO. 9612014844 |
| | ) |
| V. | ) CR.A. NO. VN9701016401 |
| | ) CHARGE:   VIOL O/PROBATN |
| MARK BROWN | ) ORIG. CHARGE: ROBBERY 2ND |
| DOB: 11/25/68 | ) |
| SBI: 00363439 | ) |

VIOLATION OF PROBATION
_____

NOW THIS  3RD DAY OF DECEMBER, 1997, IT IS THE ORDER OF THE COURT
THAT:

THE DEFENDANT IS ADJUDGED GUILTY OF VIOLATION OF THE PROBATION
SENTENCE ORDERED IN THE ABOVE STATED ACTION AND SUCH PROBATION IS
HEREWITH:

REIMPOSED TO RUN CONSECUTIVE FOR 18 MONTHS AT LEVEL 3.

FILED
PROTHONOTARY
1999 FEB 19 PM 3:26

PAGE 003 OF 5

STATE OF DELAWARE V. MARK BROWN,
9709016497 9612014844

THE FOLLOWING CONDITIONS SHALL APPLY TO THIS SENTENCE, THE
DEFENDANT SHALL:

PAY FINANCIAL OBLIGATIONS DURING THE PROBATIONARY PERIOD.

PAY TO THE DEPARTMENT OF CORRECTION, A MONTHLY FEE   TOWARD THE
COST OF SUPERVISION IN ACCORDANCE WITH A SCHEDULE SET BY THE
DEPARTMENT OF CORRECTION.

PAY TO THE SUBSTANCE ABUSE REHABILITATION, TREATMENT, EDUCATION
AND PREVENTION FUND, A CIVIL PENALTY IN THE AMOUNT OF $200.00 DURING
THE PROBATIONARY PERIOD.

BE ASSIGNED TO THE RESIDENTIAL DRUG/ALCOHOL PROGRAM UNTIL SUCH
PROGRAM IS COMPLETED (LEVEL 5 KEY OR NEW HOPE).

BE EVALUATED FOR SUBSTANCE ABUSE AND FOLLOW ANY DIRECTIONS FOR
COUNSELING, TESTING, OR TREATMENT BY THE DEPARTMENT OF CORRECTIONS.

JUDGE RICHARD S. GEBELEIN

FILED
PROTHONOTARY
1998 FEB 19  PM 3:26

# TAB - 10

IN THE COURT OF THE JUSTICES OF THE PEACE OF THE

STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY

COURT NO. 18

COMMITMENT

The State of Delaware

New Castle County, ss.

To any constable and to the Department of Correction of the said State and County:

THIS IS TO COMMAND YOU, the said constable, forthwith to convey and deliver into custody of the Department of Correction of Gander Hill in New Castle County the body of MARK BROWN charge before said Justices of the Peace Court 18 on oath by CHARLES NEAL committed on waiver a fugitive, to be taken into custody by a duly authorized agent for the State of PENNSYLVANIA.

AND YOU, the said Department of Correction, are hereby required to receive the said defendan into your custody and him safely keep, until he be thence delivered by due course of law.

GIVEN under my hand and seal this 23 day of October, A.D. 1998.

_____ (Seal)
Justice of the Peace

The total number of charges is 1

| Case Number | Statute | Offense | Amount of Bail |
|---|---|---|---|
| K8-9810016396-001 | 11:2513:0000:M | FUGITIVE FROM ANOTHER STATE | |

NAME: MARK BROWN     SBI: 00363439 / 01     SEX: M     RACE: B     DOB: 11/25/1968

**TAB - 11**

## WAIVER OF EXTRADITION

KNOW ALL MEN BY THESE PRESENTS, that I, MARK BROWN, now under arrest and being detained by the GH - GANDER HILL PRISON of the State of Delaware for the commission of a crime in a foreign jurisdiction, to wit: upon the charge of violation of parole which offense is charged and alleged was committed by me in the jurisdiction of the State of PENNSYLVANIA having had my rights to demand requisition papers fully explained to me, and the same being understood by me, do hereby voluntarily and irrevocably waive requisition and consent to immediate return to the said foreign jurisdiction

IN WITNESS WHEREOF, I have signed this waiver or instrument of writing in the presence of three witnesses, this 23 day of October, 1998 WILMINGTON, Delaware.

Witnesses:

_____

(Defendant's Signature)

_____

_____

_____

(Seal)

_____

Judge
Justice of the Peace
COURT NO. 18

**TAB - 12**

STATE OF DELAWARE                          )
                                           )
VS                                         )
                                           )
MARK BROWN                                 )

      AND NOW. TO WIT. This 23 day of October, A.D. 1998, it appearing that MARK BROWN, now being under arrest and being detained for the commission of a crime in a foreign jurisdiction, to wit, upon the charge of violation of parole, which offense it is charged and alleged was committed in the jurisdiction of allegheny County, State of PENNSYLVANIA; and it appearing that the rights to demand requisition papers were fully explained to the said MARK BROWN; and it further appearing that the said MARK BROWN signed a waiver in the form of EXHIBIT A.

      IT IS ORDERED as follows:

      THAT MARK BROWN is hereby found to have voluntarily waived requisition and to have consented to return to the State of PENNSYLVANIA for the purpose of answering the charge set forth in EXHIBIT A attached hereto; he is, therefore, ordered to be turned over to the custody of Authorities to receive the said MARK BROWN and to be by them returned to the State of PENNSYLVANIA.



                                Judge

# TAB - 13

## Waiver of Preliminary Hearing

With full knowledge and understanding of my right to a preliminary hearing, I hereby waive that right and request a violation hearing.

I waive this right of my own free will, without threat or coercion.

_____        _____        _____
Parole No.                     Signature of Parolee           Date

                               _____        _____
                               Signature of Hearing Examiner  Date

## Waiver of Panel Hearing

With full knowledge and understanding of my right to a final hearing before a panel, I hereby waive that right and request that my hearing be held before an examiner.

I waive this right of my own free will, without threat or coercion.

*5516 X*        *Carlos C. Wood*        *11/20/98*
Parole No.      Signature of Parolee    Date

                *R.E. Keith*            *11/20/98*
                Signature of Witness    Date
                *Parole Supervisor*
                *Chester W.D.*

## Request for Panel Hearing

I request that my hearing be conducted before a panel.

_____        _____        _____
Parole No.                     Signature of Parolee           Date

                               _____        _____
                               Signature of Witness           Date

Institution Where Confined     _____

**TAB - 14**

PBPP-340 (4/94)

# PENNSYLVANIA BOARD OF PROBATION AND PAROLE

## NOTICE OF CHARGES AND HEARING

**NAME** Woods,Carlos Chico                                      **DATE**

**PAROLE NO.** 5516X               **PHOTO NO.**               ~~BCP NO.~~ SCIWM No. BY9729

**You are charged with the following:**

New Convictions:

New Castle Co., DE, Superior Court, Case #9709016497, (Ct1) Possession Within 1000′ School-Cocaine, (Ct2)Resisting Arrest

> Date of Arrest: 9/23/97
> Date of Conviction: 12/3/97

New Castle Co., DE, Superior Corut, Case #9612014844, Robbery 2nd

> Date of Arrest: 12/29/96
> Date of Conviction: 7/11/97

Technical Violations:

Condition #1 - Report in person or in writing within 48 hours to the district office or sub-office listed below, and do not leave that district without prior written permission of the parole supervision staff.

   NYS Division of Parole, Brooklyn V Area Office, 340 Livingston Street, Brooklyn, New York 11217

Subject was paroled to an approved plan in New York. Subject absconded supervision and was declared delinquent by the Board, effective 1/7/97. On 12/29/96, subject was arrested in Delaware. He did not have permission of his supervising agent to leave New York.

(Continued on page 2)

**[X]**      **As a result, a**   <u>**Violation/Revocation**</u>            **hearing will be held.**
             **Your rights for this hearing are indicated on the reverse side.**

**[    ]    You are now being charged with the above additional violations which will**
             **be heard along with the original charges at your Violation and/or Revocation**
             **Hearing. (See reverse side "Notice of Additional Charges").**

**PUBLIC DEFENDER**                    **HEARING DATE AND TIME:** 2/22/99 @ 10:45 AM

                                       **LOCATION:** SCI- GRATERFORD

                                       *Marlin _____*
                                       **(Signature)**

CC:                                    Parole Manager 2, Interstate Services
                                       **(Title)**

Notice of Charges and Hearing
Page 2

Woods, Carlos Chico
Parole No. 5516X

Technical Violations (Cont'd)

Condition #2 - Your approved residence is listed below and may not be changed without the written permission of the parole supervision staff.
   Mrs. Gloria Rivera, 538 Hegeman Street, Apt. #3, Brooklyn, NY 11207

On 2/7/97, the supervising agent learned that subject had moved from his approved residence, without permission.  Subject's whereabouts were unknown and he was subsequently declared delinquent by the Board, effective 1/7/97.

Condition #3(a) - Maintain regular contact with the parole supervision staff by reporting regularly as instructed and following any written instructions of the Board or the parole supervision staff.

Subject failed to report on 1/7/97 as instructed, or anytime thereafter.  Subject's whereabouts were unknown and he was subsequently declared delinquent by the Board, effective 1/7/97.

# TAB - 15

1  COMMONWEALTH OF PENNSYLVANIA
2  PENNSYLVANIA BOARD OF PROBATION AND PAROLE
3
4
5  CARLOS C. WOODS              :    PAROLE NO: 5516-X
6       Parolee                 :
7                               :
8                               :
9
10
11  ***** 
12
13  Before:           ROBERT J. PRYAL
14                    Hearing Examiner
15
16  Type of Hearing:  Violation
17
18  Hearing Date:     February 22, 1999
19
20  Location:         SCI Graterford
21
22
23  APPEARANCES:
24
25  CARLOS C. WOODS
26  Parolee
27
28  DANIEL GLAMMER, ESQUIRE
29  Office of Public Defender
30  Counsel for Parolee
31
32  JERRY LOEPER
33  Parole Agent

2

INDEX

                                                    Page

Proceedings                                          3

Certification                                        17


                    INDEX TO EXHIBITS

                              IDENTIFIED        ADMITTED

FOR STATE:

S-1  Copies of Conviction         8                16
S-2  Copies of Conviction         8                16
S-3  Violation Report             9                16

FOR PAROLEE:

D-1  Character Letter            10                 9
     Adoption Letter                               16

P R O C E E D I N G S

58

59      MR. PRYAL:  This is a Parole Violation

60  Revocation Hearing on Carlos Woods, W-o-o-d-s.  Parole

61  number 5516-X.  Being held on 2/22/99 at the State

62  Correctional Institution of Graterford.  Present is

63  Parolee Carols Woods.  Represented by Mr. Daniel H.

64  Glammer, who's also present from Montgomery County

65  Public Defenders Office.  Representing the Board is

66  Agent Jerry Loeper.  Conducting the hearing is Hearing

67  Examiner Robert Pryal.  Before we begin.  Do you

68  understand, Mr. Woods, that you have a right to have

69  this before a panel, which is two people?  It would be

70  someone such as myself and another Board member.  And

71  you want to do this today in -- so you want to waive

72  your right to have it before two people and have it

73  before me today?

74          MR. WOODS:  Yes, sir.

75          MR. PRYAL:  Is that your wish to proceed?

76          MR. WOODS:  Yes, sir.

77          MR. PRYAL:  And no one's threatened or

78  coerced you to do this today?

79          MR. WOODS:  No, sir.

4

80          MR. PRYAL:  Okay.  And your signature is on

81    this form.   Correct?

82          MR. WOODS:  Yes, sir.

83          MR. PRYAL:  Okay.  Also received an entry of

84    appearance by counsel from Daniel H. Glammer.  Take

85    note of certain things.  I'd like to ask you and Agent

86    Loeper to raise your right hands, please.  And I'll

87    ask you to swear or affirm, if you prefer, that

88    anything you say at this hearing will be the truth.

89          MR. WOODS: Yes, sir.

90          MR. PRYAL:  Okay.

91          MR. LOEPER: Yes.

92          MR. PRYAL:  Okay.  We show that your serving

93    sentence is from Allegheny County for violation of a

94    controlled substance act, and the fact of possession

95    with intent to deliver. And on a second case, another

96    delivery case.  First sentence carried a three to ten

97    year sentence out of Allegheny County.  The other one

98    is one to five years.  Respective minimum dates were

99    2/22/96, and 5/19/93.  Your maximum date is 2/22/03,

100   and 5/19/97.  The Board declared you effective

101   delinquent 1/7/97.  And as we discussed prior to going



5

102   MR. PRYAL:  (cont'd)  on the record, there will be an

103   adjustment made to your maximum expiration date on

104   these sentences due to the length of time.  And

105   that'll be calculated by the technical people in

106   Harrisburg.  They'll go through your file and

107   calculate each date out very carefully.  And when you

108   get any Board sheet back as a result of this hearing,

109   and advise you have 30 days to submit in writing any

110   Appeal on that Decision, whatever it might be, if you

111   wish to.  Okay.

112          MR. WOODS:  Yeah.

113          MR. PRYAL:  That's called an administrative

114   relief.  Appeal for administrative relief.  Now, as I

115   understand it.  We'll deal with the technical parole

116   violations.  And there's going to be admissions on

117   this, Counsel?

118          MR. GLAMMER:  Yes.

119          MR. PRYAL:  Okay.  And do you stipulate to

120   the reading of charges?

121          MR. GLAMMER:  Yes.

122          MR. PRYAL:  All right.  And, Jerry, I'll

123   take care of it.  Basically, condition one is -- has



6

124    MR. PRYAL:  (cont'd)  to do with reporting, sir,

125    within 48 hours, and when -- and not to leave the

126    district without prior permission.  And essentially,

127    your parole took place in New York.  There was a

128    report from New York that indicates you had absconded

129    supervision.  And our Board declared you delinquent

130    effective 1/7/97.  Is correct?

131         MR. WOODS:  Yes.

132         MR. PRYAL:  And you'll admission to that

133    today?

134         MR. WOODS:  Yes.

135         MR. PRYAL:  Condition number two has to do

136    with not leaving your approved residence with prior

137    permission from the parole supervision staff.  And

138    it's stated here that your supervisor agent visited

139    your home, I think he talked to your grandmother.  And

140    your whereabouts where unknown.  That was reported to

141    the Pennsylvania Board.  And the effective date of

142    delinquency was established 1/7/97.  And you were

143    living with Mrs. Gloria Rivera [ph].  Is that your

144    grandmother?

145         MR. WOODS:  Yes, sir.

7

146          MR. PRYAL:  Okay.  So, you were -- moved

147  away from her house then.

148          MR. WOODS:  I never moved, really, out.  But

149  I got arrested in Delaware.

150          MR. PRYAL:  Okay.

151          MR. WOODS:  For the town of -- I mean, to go

152  visit my brother.

153          MR. PRYAL:  Okay.  And the other thing is to

154  maintain contact with parole supervision.  Staying up

155  -- well, obviously you failed to report as you were

156  instructed.  And you were arrested.  And they didn't

157  know you were arrested until sometime later, and

158  that's when you were declared delinquent by the Board.

159  Is that correct?  And you made admission to that.

160          MR. WOODS:  Yes, sir.

161          MR. PRYAL:  Okay.  Now, in terms of -- there

162  are two convictions to deal with.  And what I'm simply

163  going to do is read these.  And I'll ask the parole

164  agent to submit the document for the evidence into --

165  into evidence.  And I don't know if half of you had a

166  chance to review the...

167          MR. GLAMMER:  Yes, I have.  And there are no

 

8

168    MR. GLAMMER: (cont'd) objections to that.

169        MR. PRYAL: No objections. Okay.

170    Civically, on 7/11/97, you entered a guilty plea to

171    robbery, second degree. And for that you received a

172    sentence with possible imprisonment. Which makes that

173    a conviction in terms of the Parole Board. Also, that

174    was out of New Castle County, Delaware, Superior

175    Court, on the case 9612014844. There was also another

176    case emanating at roughly the same time, for

177    possession of cocaine in a 1,000 feet of a school, and

178    resisting arrest. The case number on that is

179    9709016497 in the Superior Court of New Castle County,

180    Delaware. You were found guilty, or plead guilty on

181    12/3/97. And basically, you plead to the felonies.

182    And for that you received a sentence that has a

183    possible imprisonment. Which also constitutes a

184    conviction in terms of the Parole Board's

185    requirements. Okay. I'll ask you to submit the

186    documents.

187        MR. LOEPER: Okay. I'd like to submit then

188    at this time the sentencing order...

189        MR. PRYAL: We'll mark these as S-1 and 2.


190   MR. PRYAL:  (cont'd)  Okay.  And these are certified

191   copies of convictions from the State of Delaware then

192   are noted as State's Exhibit #1 and 2, respectively,

193   on both convictions.

194            MR. LOEPER:  At this time, if you think it's

195   necessary, Mr. Pryal, I'd like to submit these other

196   documents into evidence.

197            MR. PRYAL:  They're supervision reports from

198   Delaware?

199            MR. LOEPER:  Yeah.  And just miscellaneous.

200            MR. PRYAL:  I'm going to accept them

201   because...

202            MR. GLAMMER:  Disposition.

203            MR. PRYAL:  Yeah.

204            MR. LOEPER:  Yeah.

205            MR. PRYAL:  The date -- they really have no

206   evidentiary value other than...

207            MR. LOEPER:  This is violation for the

208   report from New York.

209            MR. PRYAL:  We'll mark that violation report

210   S-3.  Okay.  That concludes the State's case.  Mr.

211   Glammer, do you wish to put anything on the record?

 

10

212        MR. GLAMMER:  Yeah.  The letter, I'd like to

213   put on the from a Corrections Officer Clifford Gaines

214   [ph], from Gander Hill Prison in Wilmington, Delaware,

215   a letter of character for Mr. Woods.  And have that

216   admitted as Defense Exhibit 1.  I'm going to ask Mr.

217   Woods if he has anything further he wishes to present

218   to the Parole Board at this point.

219        MR. PRYAL:  Hang on, Mr. Woods, one second,

220   let me just get this.  Okay.  Mr. Woods, you may make

221   a statement, or you may have your attorney ask you

222   questions.  Which I suggest is probably the better way

223   to do things.  But the choice is yours.  You need say

224   nothing at all, or you can have your attorney

225   represent you and put mitigation.  And mitigation is a

226   factor of that would tend to lessen than the impact of

227   the offenses in the technical parole violations in

228   your favor.  You understand?

229        MR. GLAMMER:  You're a father of how many --

230   how many children, Mr. Woods?

231        MR. WOODS:  Three.

232        MR. GLAMMER:  How old are they?

233        MR. WOODS:  One is getting ready turn two

York Stenographic Services, Inc.
34 North George St., York, PA 17401 - (717) 854-0077



11

234   MR. WOODS: (cont'd)  and the others is six.

235            MR. GLAMMER:  You have twins?

236            MR. WOODS:  Twin boys.

237            MR. GLAMMER:  And who are they -- who are

238   they in the custody of right now?

239            MR. WOODS:  The twins are in the custody of

240   their mother, Gina Calhoun [ph].  And my daughter is

241   in the custody of her mother, Dawan Jammus [ph].

242            MR. PRYAL:  How old is your daughter?

243            MR. WOODS:  She'll be two in July.

244            MR. GLAMMER:  Two.  Were you working before

245   you came back to jail?

246            MR. WOODS:  Yes.

247            MR. GLAMMER:  Where were you working?

248            MR. WOODS:  I was working with a contractor,

249   building contractor.  I was a cleaning, like, up the

250   buildings and doing little masonry work.

251            MR. GLAMMER:  What are your plans for

252   employment after you leave prison?

253            MR. WOODS:  I have an employment planned,

254   like someone who would like to employ me when I'm

255   released.  But at the point now I have employment

York Stenographic Services, Inc.
34 North George St., York, PA 17401 - (717) 854-0077



 

12

256    MR. WOODS:  (cont'd)  documentation, or I could get...

257          MR. GLAMMER:  How did you want to do it?

258    What kind of work are you going to be doing?

259          MR. WOODS:  I'm a real estate clerk.  I do -

260    - like, I take people out, like, to houses and

261    apartments and stuff like that.  So, I work as a real

262    estate consultant.

263          MR. GLAMMER:  Do you have anything else you

264    want to tell the Parole Board at this time?

265          MR. WOODS:  At the time that I left New York

266    City was -- I had an emergency phone call from my

267    son's mother.  She had told me that my son was in a

268    car accident, and he's in critical condition.  And

269    I...

270          MR. PRYAL:  Where did she live?

271          MR. WOODS:  She was in Delaware at the time.

272    She told me -- she did that because of the fact that I

273    kept telling her that I couldn't come up there because

274    I was on parole.  And when I reached up to Delaware I

275    found out that the information wasn't true, and that

276    the child was not in any type of accident, whatsoever.

277    She just did it for me to come up there. During the

13

278   <u>MR. WOODS</u>:  (cont'd)  time that me and my brother was

279   out looking for her to find out why she had told me

280   that lie, or whatever.  Her brother picked up some

281   female.  I don't know who she was.  He didn't know her

282   neither.  But the female had just robbed some other

283   female.  And we wasn't aware of it.  The female had

284   told the officers, after we had got pulled over and

285   got arrested, she had told the officers that we wasn't

286   involved in it, that we had just picked her up.  But

287   we were still charged with robbery.  And I had did

288   seven months on that.  And I was released on a year of

289   probation in Delaware.  That's when I got the

290   construction job.  And I was working for a little

291   while and then, like, I had got a letter from the

292   probation officer to report for my first review on --

293   that was -- that would be September 23, '98 -- no,

294   September 23, '97.  In which I had got arrested on

295   that day for not reporting to the office [inaudible]

296   they claimed that I sent me other letters that come in

297   earlier than the 23rd.  But the Judge -- I submitted

298   the letter to the Judge, and he dismissed it because

299   of the fact that it was untrue.  That was the only

 

14

300   MR. WOODS:   (cont'd)  letter they had sent me.

301        MR. GLAMMER:   So, you never violated any of

302   your conditions in Delaware is what you're saying.

303   Right?

304        MR. WOODS:   Yeah.

305        MR. GLAMMER:   Okay.

306        MR. WOODS:   At the time of the arrest for

307   the [inaudible], but the -- I was in the area, drug

308   area.  The officer had attempted to jump out the

309   vehicle and -- so I attempted to run.  And the way I

310   run -- I had stopped and laid down on the ground by

311   that area.  They searched that area and they had found

312   some narcotics and whatsoever.  And they had charged

313   me with it.  So -- my attorney that I had told me that

314   in the State of Delaware that they're going to believe

315   the officer over me.  So, I had to take that plea

316   agreement.  So, I did.  At the present time I had

317   received a letter, on 3/24/98, from my twins' mother,

318   stating that -- basically she was telling me that if I

319   hadn't had my family, like, take them up for adoption

320   or whatever, that she was going to give them up for

321   adoption, if I can custody of them, because she can't



 

15

322   MR. WOODS:  (cont'd)  handle them no more, whatsoever.

323   I got the letter to submit.

324          MR. GLAMMER:  Okay.

325          MR. WOODS:  Ever since then I've been

326   incarcerated.  I haven't been able to get out or do

327   anything about it, about the situation.  And right

328   now, I mean, I don't know what -- that's taking place,

329   whatsoever.  I wrote her a few times but she never

330   wrote me back.

331          MR. PRYAL:  Okay.  Then I will put this in

332   with everything else.  You were released from Waymart

333   originally.  Correct?

334          MR. WOODS:  Yes, sir.

335          MR. PRYAL:  Okay.  You'll be moved back to

336   Waymart pending disposition of this case by the Board.

337   And you should receive a green sheet, or a Parole

338   Decision within six to eight weeks.  I can't tell you

339   what it'll be because it's going to take two

340   additional signatures, besides mine.  So, anything I

341   would tell you would be superfluous and wouldn't

342   matter.  We will take into consideration the

343   circumstances that you have stated here today, and the






16

344   MR. PRYAL:   (cont'd)   letters submitted from your

345   mother of your twins, and also the letter submitted by

346   Officer Gaines from Delaware.   And those will be taken

347   into consideration in your final decision.   Okay.   And

348   whatever happens, what you need to do the next time

349   you're waiting to see the Parole Board is, stay in as

350   many [inaudible] programs as you can.   Do not do any

351   misconduct whatsoever.   And you're going to have to

352   have the Department of Corrections recommendation for

353   parole before you'll be considered.   Okay.   So, you

354   need to work on that as soon as you get back to

355   Waymart.   Don't get in any trouble here while you're

356   waiting.   But I suspect you'll be in Waymart probably

357   by the end of the week.   It won't take them long to

358   send you back there.   Okay.   If there's nothing

359   further then we'll simply close the hearing.   And I'll

360   make a physical written inventory of the documentation

361   that's in this case because it is substantial and I'll

362   read it into the record now.   Thank you.

363                               ***

364   [End of Proceedings]



17

| | |
|---|---|
| 365 | C E R T I F I C A T I O N |
| 366 | I, JOAN M. STEVENSON, hereby certify that |
| 367 | the cassette tape as provided to me was reduced to |
| 368 | writing by me, and that the transcript is a true |
| 369 | record of the tape. |
| 370 | I further certify that I am neither |
| 371 | attorney, nor counsel for, nor related to or employed |
| 372 | by, any of the parties in which this action is taken, |
| 373 | and further that I am not a relative or employee of |
| 374 | any attorney or counsel employed by the parties hereto |
| 375 | or financially interested in the action. |
| 376 | IN WITNESS WHEREOF, I have hereunto set my |
| 377 | hand and seal this 28th day of October, 1999. |
| 378 | |
| 379 | |
| 380 | |
| 381 | JOAN M. STEVENSON |
| 382 | Transcriber |
| 383 | York Stenographic Services |

**TAB - 16**

NOTICE OF BOARD DECISION
PBPP-18(5/96)

## COMMONWEALTH OF PENNSYLVANIA
## PENNA. BOARD OF PROBATION AND PAROLE

DATE: 042799

CLIENT NAME: CARLOS CHICO WOODS

PAROLE NO: 5516X

INSTITUTION: SCI - WAYMART

INSTITUTION NO: BY9729

AS RECORDED ON 042799
FOLLOWING DECISION IN YOUR CASE:

THE BOARD OF PROBATION AND PAROLE RENDERED THE

RECOMMIT TO A STATE CORRECTIONAL INSTITUTION AS A TECHNICAL PAROLE VIOLATOR TO
SERVE 27 MONTHS, AND AS A CONVICTED PAROLE VIOLATOR TO SERVE 64 MONTHS
CONSECUTIVELY FOR A TOTAL OF 91 MONTHS, IN EFFECT UNEXPIRED TERM OF 6 YEARS,
11 MONTHS, AND 26 DAYS.
-   27 MONTHS FOR MULTIPLE TECHNICAL VIOLATIONS.
-   CONDITION #1,  LEAVING NEW YORK WITHOUT PERMISSION.
-   CONDITION #2, CHANGING RESIDENCE WITHOUT PERMISSION.
-   CONDITION #3A, FAILURE TO REPORT AS INSTRUCTED.
EVIDENCE RELIED ON: YOUR ADMISSION.
REASONS:  EARLY FAILURE ON PAROLE.  NOT AMENABLE TO PAROLE SUPERVISION.  YOU
ARE CONSIDERED A THREAT TO THE SAFETY OF THE COMMUNITY.  DECLARED DELINQUENT BY
THE BOARD.  VIOLATIONS ESTABLISHED.
-   64 MONTHS FOR THE OFFENSE OF ROBBERY 2ND, POSSESSION WITHIN 1000' OF
SCHOOL, AND RESISTING ARREST.
EVIDENCE RELIED ON: CERTIFIED COPY OF COURT RECORD PROVING CONVICTIONS.
REASON: CONVICTIONS IN A COURT OF RECORD ESTABLISHED.

WHILE CONFINED, YOU MUST COMPLY WITH THE INSTITUTION'S PRESCRIPTIVE PROGRAM
REQUIREMENTS AND HAVE NO MISCONDUCTS.

(CONTINUED ON PAGE 2)

PAROLE VIOLATION MAX DATE: 101505

CC: PUBLIC DEFENDER

FILE COPY

William F. Ward
William F. Ward
Chairman

NOTICE OF BOARD DECISION
PBPP-15(8/95)

**COMMONWEALTH OF PENNSYLVANIA**
**PENNA. BOARD OF PROBATION AND PAROLE**

DATE: 042799

CLIENT NAME: CARLOS CHICO WOODS

INSTITUTION: SCI - WAYMART

PAROLE NO: 5516X

INSTITUTION NO: BY9729

AS RECORDED ON 042799 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:

(CONTINUED FROM PAGE 1)
    IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRA-
    TIVE RELIEF WITH THE BOARD WITHIN THIRTY DAYS OF THIS ORDER.    THIS REQUEST
    SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASIS FOR THE ALLEGA-
    TIONS.   SEE 37 PA CODE SEC. 73.   YOU HAVE THE RIGHT TO AN ATTORNEY
    IN THIS APPEAL AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT.

                                     DATE MAILED:
(H.R. 2-22-99 SKH 4-27-99)                        MAY 0 6 1999

PAROLE VIOLATION MAX DATE: 101505

CC: PUBLIC DEFENDER

                    FILE COPY

                                              William F. Ward
                                              William F. Ward
                                              Chairman

**TAB - 17**

Pennsylvania Board of Probation & Parole
Division of Hearing Review
3101 North Front Street, P.O. Box 1661
Harrisburg, PA 17120



Parole Number   5516 X

Name  CARLOS CHICO WOODS

## REQUEST FOR ADMINISTRATIVE REVIEW

Dear Director:

I respectfully submit this request and ask that the applicant's parole decision be reconsidered and reversed for the following reasons:

1)  The applicant's parole hit is excessive and an abuse of the Board's discretion.

2)  The Board provided insufficient written justification for its decision.  See Carthon v. Pennsylvania Board of Probation & Parole, 512 A.2d 799 (PA Commonwealth 1986).

3)  Parole decisions may not be based on impermissible factors.  See Williams v. Frame, 821 F.S. 1093 (E.D. 1993).

4)  The Board's aggravating factors, upon which it based its decision, are not supported by substantial evidence contained in the record.  See Harper v. Pennsylvania Board of Probation & Parole, 520 A.2d 523 (PA Commonwealth 1987).

5)  Applicant has the right to have his application fairly considered.

Thank you.

Respectfully submitted,

Carlos C. Woods

Dated: 5/10/99

CARLOS C. WOODS  BY9729
S.C.I. Waymart
P.O. Box 256
Waymart, PA 18472-0256

COMMONWEALTH OF PENNSYLVANIA BOARD OF PROBATION & PAROLE

DIVISION OF HEARING REVIEW

CHAIRMAN'S OFFICE

CARLOS CHICO WOODS,

     Parolee,

Vs.

THE PENNSYLVANIA BOARD OF

PROBATION & PAROLE,

     Respondents. :

PAROLE No.# 5516X '2 PM 3:29

PA. BOARD OF PROBATION
& PAROLE

99 JUL 13 PM 2:48

OFFICE OF CHIEF COUNSEL

## SUPPLEMENTAL REQUEST FOR ADMINISTRATIVE RELIEF

The above named parolee submits this supplemental request for administrative relief to this honorable board, in hopes that this board will take this request as serious as the law requires it to be taken. The parolee states that if this request is not responded to within the next thirty (30) days from the date of this request, he will be forced to take this matter to the Commonwealth Courts. The following reasons for the parolee's request are listed below:

1). The parolee states that he was denied the right to be informed of his revocation hearing date. He states that his hearing was held on the same day that he was informed of th hearing, which violated the parolee's rights under the due process law, because it left the parolee unprepared to present his defense to the board.

2). The parolee also states that the board was also unprepared at the time of the hearing. Because there was no one from the board at the hearing to defend the boards actions. The hearing examiner had to call some one from the prison's parole & probation office to sit in for the board, and none of the two who were picked to sit in had any knowledge of the parolee's case, and they did not have time to research the reports by the parolee's parole officer in New York, neither did they research the court documents submitted by the Delaware court's where the parolee was convicted. This clearly violated the parolee's Due Process Rights. (Please see COM. Vs. HOLMES, 408 A. 2d 846; and Com. Vs. Williams, 385 A.2d 979, Com. Vs. Spence, 381 A." 2d 949.).

1.

73

3). The parolee further states that he was deliberately misinformed by the hearing examiner at the revocation hearing which coerced the parolee to plead guilty to the three (3) technical violations. The parolee states that the hearing examiner told him and his attorney that if the parolee pleads guilty to the technical violations at the hearing, he would only receive a total of six (6) to Twelve (12) months for all of the techs together, and what ever the board gives me for the new convictions, the (6) to (12) months will authomatically run together with it. But instead, the parole board ran all of the technical violations wild, and the two new convictions were also ran wild, and the maximum sentence was given on each charge, which made the sentence an execessive one, for a first time parole violator, and for some one who has not hurt any one in the community, nor made an attempt to harm anyone. (Please see Johnson Vs. BD. Of Probation & Parole at 706 A.2d 903 (Pa.Cmwlth. 1998); and Watkins Vs. BD. Of Probation & Parole at 685 A.2d 226 (Pa.Cmwlth. 1996); Davenport Vs. Pennsylvania Board of Probation & Parole at 656 A.2d 581 (Pa.Cmwlth. 1995); Williams Vs. Pennsylvania Board of Probation & Parole at 701 A.2d 279 (Pa.Comwlth.1997).

4). The parolee now states that if he was not misinformed by the board's hearing examiner, he would of never plead guilty to the technical violations, because he was not guilty of those technical violations. The parolee states that the board does not have any supporting evidence tomprove that the parolee changed his address; nor do they have any supporting evidence to prove that the parolee deliberately fail to report to his parole officer, because the parolee was incarcerated before his next visit was due. It is also stated that the board is with out supporting evidence to prove that the parolee is in anyway a threat to the safety of the community.

5). The parolee states that there was evidence that could show his innocence in the Robbery that he was charged with, but it was not available at the time of the hearing, so the parolee was unable to present that evidence. The parolee states that evidence was statements from the actual victims, stating that the parolee was not the one who robbed them, nor was he at the sence of the crime.

2.

74

6). Finally the parolee states that this board did not give the parolee any chances at showing his rehabilitation to the community or to his family who seriously are in need of him at this time. The board gives harsher sentences to non-violent parole violators, and lesser sentences to violent parole violators. The board has not found any evidence linking him to any violence in his new and past convictions, but the parolee still was labeled as a threat to the community. This was a clear plan to use the parolee as an example to the parolee's who've been paroled to the State of New York, so that they would have second thoughts about violating parole. It is clear that there was no supporting facts in this case, to establish that the parolee engaged in any kind of "assaultive behavior" whatsoever, and should not have been giving such an harsh sentence by this board. (Please see Johnson Vs. BD. of Probation & Parole at 706 A.2d 903 (Pa.Cmwlth. 1998).

WHEREFORE, the parolee respectfully requests that this Honorable Board set aside the boards prior decision, and either order an immediate new hearing de novo, or order the board to appoint counsel for the parolee, so that the appeal review can be heard before the Commonwealth Court's. It is further requested that this board respond to this request within thirty (30) days of the date of this letter, or the parolee will proceed with this case before a Commonwealth Court for review.

July 04, 1999
DATED AND SIGNED

Respectfully Submitted.

X. _Carlos C. Woods_

Mr. Carols Chico Woods  Pro*se
BY 9729  Block  J-1
P.O. Box. 256
Waymart, Pa. 18472-0256

3.5

75

**PROOF OF SERVICE**

I, the undersigned, verify that I have served a copy of this petition and any attachments thereof by U.S. mail to the following parties at the below listed addresses:

WILLIAM F. WARD
CHAIRMEN
1101 SOUTH FRONT STREET
SUITE 5300
HARRISBURG, PA. 19104-2519

Respectfully submitted,

Dated: JULY 04, 1999

Carlos C. Woods

S.C.I. Waymart
P.O. Box 256
Waymart, PA 18472-0256

**TAB - 18**



***MODIFIED***

| | |
|---|---|
| Name: CARLO CHICO WOODS | District: C.O. |
| Parole No.: 5516-X | Parole Date: 2/26/96 |
| Inst. Paroled From: SCI-WAYMART | Inst. No.: BY 9729 |
| S.I.D. No.: 19173810 | County, Bill & Term & OTN: ALLEGHENY CO. - CP 900000678 |

---

The above-named individual who was conditionally released on parole by the Pennsylvania Board of Probation and Parole h[as] been found by the Board to have violated the conditions of parole. Therefore, the Board, by virtue of the authority conferred on it [by] law, orders said individual recommitted for further imprisonment for the remainder of the unexpired maximum term, or u[ntil] otherwise released or discharged according to law.

---

Status:  x -TPV    x -CPV

Recommit to:  SCI-WAYMART

Maximum:  2/22/03

- Par/Rep/Delinq/
  Bd. Warrant Date:  2/26/96

+ Parole Time Added:

- Confinement Time:

- Backtime Credit:

Backtime Owed:  6y 11m 26d

+ Custody for Return:  10/19/98

Recomputed Max.:  10/15/05

**Conviction(s) resulting in recommitment:**

1) 7/11/97 - NEW CASTLE COUNTY, DELAWARE
   #9612014844 - 3 YEARS WITH 2 YEARS, 6 MONTHS
   SUSPENDED, DOC, RELEASED 7/18/97
2) 12/3/97 - NEW CASTLE COUNTY, DELAWARE
   #9709016497 - CT. 1 - 2 YEARS WITH 1 YEARS
   SUSPENDED - CT. 2 - 30 DAYS CS SUSPENDED,
   DOC, RELEASED 10/19/98

Backtime Dates - From:          To:

Time Lost Due To:
  Delinquency:
  Service of Another Sentence:

---

Also Recommit On:  B) ALLEGHENY COUNTY - CP 900000650 - 1 to 5 years - NEW MAX 1/12/00

---

Original Minimum Date:   (A) 2/22/96
                         (B) 5/19/93

GIVEN under the hand of the Pennsylvania Board of Probation and Parole this

___30th___ day of ___AUGUST___, ___1999___

mmz

BY THE BOARD      BOARD SECRETARY

# TAB - 19

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

CARLOS CHICO, WOODS          :
                  Petitioner,  :
                              : :
        v.                    :   No. _____
                              :          99 SEP 21  PM 1:44
                              :          OFFICE  CHIEF COUNSEL
PENNSYLVANIA BOARD OF         :
                              :
PROBATION AND PAROLE,         :
              Respondents.    :
                              :

## PETITION FOR REVIEW

TO:   THE HONORABLE JUDGE OF SAID COURT: HON. ROCHELLE S. FRIEDMAN.

       NOW COMES, the petitioner, Carlos C. Woods, pro se, and respect-
fully requests that this Honorable Court order the Pennsylvania Board
of Probation and Parole, to set aside it's decision and determination
filed on May 27, 1999, in the above caption case, for the forgoing re-
asons stated below:

1.   This Honorable Court has jurisdiction pursuant to 42 Pa. C.S.A.
§763 (a) for all appeals from Commonwealth Agencies.

2.   The Pennsylvania Board of Probation and Parole violated the pet-
itioner's Due Process Rights, when they fail to inform the petitioner
of his revocation hearing, in which was held on the same day that the
petitioner was informed. Please See Com. v. Holmes, at 408 A.2d 846;
and Com. v. Williams, at 385 A.2d 979, Also see Com. v. Spence, at
381 A.2d 949.

3.   The boards decision was not based on the petitioner's revocation
hearing  held on February 22nd, 1999.

4.   The petitioner states that on 2/22/99, he was given a plea agree-
ment from the boards hearing examiner. In which the hearing examiner
stated to the petitioner and his attorney, that if the petitioner ple-

1.

-as guilty to the three techincal violations at the hearing, the petitioner would only receive a total of six (6) to twelve (12) months, And whatever the board decides to give him for the new conviction, the six (6) to twelve (12) months will authomatically run concurrent with the new conviction hit.

5.    The plaintiff states that after taking this plea, he was told that he would be receiving a green sheet in six (6) to Eight (8) weeks and that it would have the hit for the new conviction running concurrent with the six (6) to twelve (12) months for the techincal violations-Instead; the petitioner received a green sheet back on May 7, 1999, and it did not have any time running concurrent at all, every charge was ran consecutively, and not according to the hearing examiner"s opinion and decision given at the revocation hearing. This violated the petitioner's due process rights, because the petitioner would of never pled guilty to the techincal violations, if he had known that he was not receiving the time that he was promised by the hearing examiner at the hearing. The petitoner states that the board would of never been able to prove the petitioner's techincal violations if not for his admission in exchange for a lesser sentence. The petitioner would of been able to bring forth witness in his behalf, which would given testimony as to the robbery charge. These witnesses were the actual victims of the robbery, who would of been willing to testify that I was not the one who robbered them, and that I was not at the secene of th the crime at the time. This was a violation of my due process rights, and a clear violation of the rules and regulations of the Pennsylvania Board of Probation and Parole. Please See **Johnson v. BD. of Probation and Parole. at 706 A.2d 903 (Pa.Cmwlth. 1998);** and **Watkins v. BD.of Probation & Parole at 685 A.2d 226 (Pa.Cmwlth. 1996);** Davenport

at 656 A.2d 581 (Pa.Cmwlth. 1995),also see Williams v. Pennsylvania

Board of Probation & Parole at 701 A.2d 279 (Pa.Comwlth. 1997).

6.    The plaintiff now argues the fact that the Pennsylvania Board of

Probation & Parole violated his rights, when they sentecned the plain-

tiff to each violation separately. The time that the plaintiff was giv-

en for the violations alone, were against the Pa.BD. of Probation & pa-

role's own rules and regulations. The plaintiff states that the sentec-

ing guidelines under Title 37 8·75.4, state that the plaintiff should

of only received six (6) to eightean (18) months for the multiple tech-

incal violations. Instead; the Pa.BD. of Probation & Parole gave the

plaintiff a twenty seven (27) months for the techincal violations. Each

techincal violation was ran consecutively under the single violation

ranges; (6) to (12) months for condition (1); (6) to (9) months for con-

dition (2), and (3) to (6) months for condition (3(a)). A total of (27)

months according to the maximum sentence on each single techincal viol-

ation. The Pa.BD. of Probation & Parole should of only gave the plaint-

iff/Petitioner a total of (6) to (18) months for the multiple techs, a

difference of (9) months over the Presumptive Ranges of Title 37 8·75.4.

7.    The plaintiff now argues that the time he received for the new con-

viotions, and the time that he was illgally given for the techincal vio-

lations, exceeded the original court sentence that was handed down on

the plaintiff on November 24th, 1992. The original sentence read as fol-

lows: (One (1) to Five (5) Years for one charge; and Three(3) to Ten (10

) Years for the second charge, both sentences were ran concurrent, which

made the total Four (4) to Ten (10) years. The plaintiff only old the

Pa.BD. of Probation and Parole a tatal of (6) years when he was paroled

on 2/22/96. The plaintiff only did a total of (11) months on the streets

, leaving the board with only (11) months to add on to his back time.

Whivh would of gave the total maximum of (6)years (11) months back time.

not (7) years and (7) months. A total difference of (8) months. The
Pa.BD. of Probation & Parole's decision in this case was incorrect,
and it exceeded the trial court's original sentence. Please See **Dav-
enport v. Pennsylvania Board of Probation & Parole at 656 A.2d 581
(Pa.Cmwlth. 1995).**

8.    The plaintiff finally argues; that the Pa.BD. of Probation & Par-
ole lacked sufficient evidence to establish that the plaintiff was a
threat to the safety of the community. The plaintiff states that he was
charged with possession within a 1000 ft. of a school, and a second deg-
ree robbery, in which the victims of the robbery, stated to the police
officers, as well as to the courts, that the plaintiff was not the one
who committed the robbery, nor was the plaintiff at the sence of the
crime. If the hearing examiner at the plaintiff's revocation hearing
would of informed him that he would be receiving separate sentences for
each techincal violation, the plaintiff would not have pled guilty to
the techs, and he would of requested that he be heard by a full board,
so that he could present witnesses in his behalf, to prove his innocen-
ce in the robbery charge. The plaintiff never committed any assaultive
behavior in this case, nor in any of his prior cases before the court's,
a simple possession within a 1000 ft. of a school, ddoes not justify the
plaintiff as being a threat to the safety of the community, and there is
no records that prove that the plaintiff ever harm any one in the commun-
ity since his release from custody; nor prior to his first arrest and
conviction before a court of law. Please See **Duncan v. Penn..BD. of Pro-
bation & Parole at 687 A.2d 1179 (Pa.Cmwlth. 1996); and Watkins v. BD.
of Probation & Parole at 685 A.2d 226 (Pa.Cmwlth. 1996).**

WHEREFORE, the plaintiff/Petitioner respectfully requests that this
Honorable Court in ti's Jurisdiction, order the Pennsylvania Board of
Probation & Parole, to immediately set aside it's decision and determi-

4.

-nation filed on 4/27/99, and order an immediate new hearing, or dismiss

the techincal violations, and modify the petitioner's hit for his new

convictions. It is also requested that court appointed counsel be appo-

inted in this case...


Respectfully Submitted

X. _Carlos C. Wood_

Mr.Carlos Chico Woods, Pro se

BY-9729 Parole No.5516X

P.O. BOX. 256

Waymart, Pa. 18472-0256


8/31/99

DATED AND SIGNED


P.S. The petitioner has not yet received

a response bake from the respondents,

and it has been almost four (4) months,

this is why the plaintiff/petitioner

has filed this this petition before this

court at this time. Two appeals have

been sent to the respondents, and no

response yet.........

# CERTIFICATE OF SERVICE

```
((              ))
(               )
(               )
((              ))
```

I, Carlos Chico Woods , HEARBY CERTIFY that on the 31st day of August , 1999, I served a copy/**copies** of the forgoing Petition For Review , upon the following party/parties:

TO: COMMONWEALTH COURT OF PA.
HON. ROCHELLE S. FRIEDMAN
FIFTH FLOOR, SOUTH OFFICE BLDG.,
HARRISBURG, PA. 17120

TO: DANIEL B. SCHUCKER
PROTHONOTARY'S OFFICE
SIXTH FLOOR, SOUTH OFFICE BLDG
HARRISBURG, PA. 17120

TO: MR. WILLIAM F. WARD, CHAIRMAN
DIVISION OF HEARING REVIEW
PENNSYLVANIA BD. OF PROBATION & PAROLE
3101 NORTH FRONT STREET,
HARRISBURG, PA. 17120

TO:

I Affirm that under the penalty of purjury, all of the above information is correct and true to my ablility. Sign and dated on the 31st day of August , 1999.

Respectfully Submitted

x. Carlos C. Woods

MR. CARLOS CHICO WOODS, PRO-
P.O. BOX 256
WAYMART, PA. 18472-0256

COMMONWEALTH OF PENNSYLVANIA BOARD OF PROBATION AND PAROLE

DIVISION OF HEARING REVIEW

| | |
|---|---|
| CARLOS CHICO WOODS, PAROLEE/PETITIONER, | RE: PAROLE No. 5516X |
| v. | PAROLE ACTION FILED ONN 8/30/99 ; . |
| PENNSYLVANIA BOARD OF PROBATION & PAROLE, RESPONDENTS. | |

SECOND REQUEST FOR ADMINISTRATIVE RELIEF
CONCERNING THE BOARD'S NEW ACTIONS FILED
ON 8/30/99.

AND NOW ON THIS ——15th—— Day Of—September——, 1999, Comes the petitioner/parolee, Carlo Chico Woods, appealing the board's new action filed on 8/30/99, in which the board incorrectly reduced the petitioner/parolee's technical violations recommitment order. The petitioner/parolee states the following in support of his appeal and request for administrative review:

1. The Plaintiff/parolee states that the board has still failed to correct the decision which was made on 5/27/99, inwhich the board sentence the parolee/petitioner to ninety one (91) months back time .

2. The petitioner/parolee states that the board's decision filed on 8/30/99 in which the board modified the petitioner's technical parole violation portion of the sentence, was still incorrect, because the highest violation only called for six (6) to twelve (12) months; Instead the board gave the petitioner eighteen (18) month hit, exceeding the rules and regulations under the presumive

1.

ranges in **Title 37** § **75.4** .

3.    The petitioner not only states that the board exceeded the presumptive ranges under Title 37, but that the board exceeded both; the trial court's original sentence, and the presumptive ranges. The board did not abide by the Pennsylvania Board of Probation and Parole Rules and regulations which **are** governored by the Pennsylvania Statutes Titles 37, and 61.

4.    The petitioner states that because the board has violated the Pa. Rules and Regulations under Titles 37, and 61, the petitioner's due process rights and the right to a fair revocation hearing de novo, will continue to be viol-**ated** by the boards decisions and determinations in this case.

5.    The petitioner also states that the board has still fail to correct the technical violation portion of the sentence, because the highest technical violation only called for six (6) to (12) months according to the presumptive ranges under **Title 37** § **75.4..** The board still exceeded the presumptive range guidelines by six (6) months.

6.    The board's decision and determinations on both dates (5/27/99 & 8/30/99) were both harsh and incorrect. The board should truely reconsider it's decision and determinations in the hit for the new convictions and correct the technical violations hit.

7.    The board once again was in volation of Titles 37 & 61, by running the petiti petitioner's technical violations hit consecutive from the new convictions hit. Please see <u>Threats v. Pennsylvania BD. oF Probation & Parole 553 A.2d 906 ((1989).</u>

8.    The petitioner finally states that he is presently awaiting a response back from the **Commonwealth Court of Pennsylvania** on a petition for review against the board's decision and determination on 5/27/99.


**WHEREFORE,** the petitioner respectfully requests that this honorable board correct the technical violations portion of the sentence, and reconsider the hit for the new convictions, in which the board gave the petitioner the maximum

sentence on each conviction, and reduce the hit for both the new convictions and for the technical violations, and allow the petitioner to once again prove his ability to remain in society. The petitioner thanks the board for it's time and consideration in this case.........

Respectfully Submitted

X. *Carlos C. Woods*

Mr. Carlos C. Woods, Pro se
BY-9729 P.O. Box. 256
Waymart, Pa. 18472-0256

9-15-99
DATED AND SIGNED

## PROOF OF SERVICE

    I, the undersigned, verify that I have served a copy of this petition and any attachments thereof by U.S. mail to the following parties at the below listed addresses:

COMMONWEALTH COURT OF PA.
HON. ROCHELLE S. FRIEDMAN
FIFTH FLOOR. SOUTH OFFICE BLDG.
HARRISBURG, PA. 17120

MR. WILLIAM F. WARD, CHAIRMEN
DIVISION OF HEARING REVIEW
PA. BD. OF PROBATION & PAROLE
1101 SOUTH FRONT STREET
    SUITE 5300
HARRISBURG, PA. 17120

Respectfully submitted,

Dated: ___9-15-99___

*Carlos C. Woods*
CARLOS C. WOODS, PRO-SE
BY 9729
S.C.I. Waymart
P.O. Box 256
Waymart, PA 18472-0256

**TAB - 20**

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

CARLOS CHICO WOODS,          :

       Petitioner     :

    v.                :

PENNSYLVANIA BOARD OF PROBATION  :
AND PAROLE,

       Respondent    :    No. 2503 C.D. 1999

CERTIFIED FROM THE RECORD
AND ORDER EXIT

OCT 5 1999

Deputy Prothonotary - Chief Clerk

PER CURIAM          O R D E R

NOW, October 4, 1999, it is hereby Ordered as follows:

1.    The above-captioned matter shall be treated as a petition for review addressed to this Court's appellate jurisdiction. See 42 Pa. C.S. §763 and Pa. R.A.P. 1501;

2.    The Public Defender of Wayne County is appointed to represent petitioner in the above-captioned action. See Bronson v. Pennsylvania Board of Probation and Parole, 491 Pa. 549, 421 A.2d 1021 (1980); Brewer v. Pennsylvania Board of Probation and Parole, 494 A.2d 36 (Pa. Cmwlth. 1985);

OFFICE OF CHIEF COUNSEL

99 OCT -7 AM 11:07

3.      Petitioner's  counsel  shall  enter
an appearance  for petitioner within 30 days
of the date of this Order;

4.      Counsel may file an amended petition
for review, and any such amended petition for
review must be filed within 30 days of the
date of this Order;

5.      The  Chief  Clerk  shall mail copies
of  this  Order  to  petitioner  and  to  the
Pennsylvania  Board  of  Probation  and  Parole
and shall  mail  a  copy  of  this  Order,  a
copy  of  the  docket  entries  herein,  and a
copy  of  petitioner's original petition for
review to:

> Public Defender
> Office of the Public Defender
> County of Wayne
> Court House
> 925 Court St.
> Honesdale, PA  18431

6.      The      Court      hereby      grants
petitioner permission  to proceed  in forma
pauperis.  This  Court's   filing  fee   is
waived,  and petitioner shall  proceed  in
conformity with  Pa.   R.A.P.  2151(b)  and
2187(c).

**TAB - 21**

00 MAR 16 PM 1:55

## In the Commonwealth Court of Pennsylvania

CARLOS CHICO WOODS,

           *Petitioner*

    vs.

COMMONWEALTH OF PENNSYLVANIA
BOARD OF PROBATION AND PAROLE,

           *Respondent*

:   NO.   2503 C.D. 1999

### PETITION TO WITHDRAW PURSUANT TO EPPS V. PENNSYLVANIA BOARD OF PROBATION AND PAROLE

1.    Your Petitioner herein is Scott B. Bennett, Esquire acting in his capacity as a Public Defender of Wayne County, Pennsylvania.

2.    The brief in support of Carlos Chico Woods's appeal from the Order of the Pennsylvania Board of Probation and Parole was due on or before January 24, 2000.

3.    Your Petitioner has made a conscientious review of the record and has determined that the appeal has no arguable merit.

4.    By letter dated March 14, 2000, your Petitioner advised Mr. Woods that the appeal did not have arguable merit. A true and correct copy of the letter is attached hereto, made part hereof and marked Exhibit A.

5.    In accordance with this conclusion and in accordance with *Epps v. Pennsylvania Board of Probation and Parole*, your petitioner has prepared and filed an *Epps* letter. A true and correct copy of the Epps letter is attached hereto as Exhibit A, and is incorporated by reference as though set forth at length herein.

WHEREFORE, your Petitioner respectfully requests permission to withdraw as counsel.

Dated:  March 14, 2000

Respectfully submitted,

Scott B. Bennett, Esquire
Attorney for Petitioner
308 Tenth Street
Honesdale, PA 18431
(570) 253-5880
Attorney ID No. 40444

cc:    Carlos Chico Woods
       Pennsylvania Board of Probation and Parole

**SCOTT B. BENNETT**
ATTORNEY AT LAW
308 TENTH STREET
HONESDALE, PA  18431
(570)  253-5880
FAX (570) 253-6689
INTERNET E-MAIL:  sblaw@ptd.net

March 14, 2000

Carlos Chico Woods
#BY-9729
c/o SCI Waymart
P.O. Box 256
Waymart, PA 18472

Re:    *Woods vs. Pennsylvania Board of Probation and Parole*
        Commonwealth Court Docket No. 2503-CD-1999
        Our File No. 99-249

Dear Mr. Woods:

Pursuant to the Commonwealth Court's decision in *Epps vs. Pennsylvania Board of Probation and Parole*, 129 Pa. Cmwlth. Ct. 240, 565 A.2d 214 (1989), I have made a thorough review of the records supplied by the Board. A complete copy of which was forwarded to you previously. In addition, we have held three telephone conferences with reference to this matter. Finally, after our second telephone conference, I discussed your case by telephone with Attorney Daniel Glammer, who represented you at the February 22, 1999 parole revocation hearing. After completing that review, I performed an analysis of the Board's records regarding the time that you have spent incarcerated, released on parole, and declared delinquent by the Board. As a result of that investigation and analysis, I must unfortunately inform you that it is my conclusion that the appeal now pending before the Commonwealth Court in the above-noted matter is without arguable merit. The reasoning supporting that conclusion is as follows.

The first issue you have raised is that the Board failed to provide you with timely notice of the Parole Revocation Hearing conducted at SCI Graterford on February 22, 1999. As I understand your position, you claim that notice of the hearing was not provided to you until February 22, 1999.[1] Generally, lack of sufficient prior note of the hearing is the grounds for a proper objection. See, e.g., Commonwealth v. Williams, 254 Pa.Super. 202, 385 A.2d 979 (1978). However, in reviewing the record, I note that: a) an appropriate and apparently well-prepared presentation was given on your behalf at the time of the hearing; and b) no objection with regard to a lack of notice was raised at that time. In addition, Attorney Glammer has informed me that his file does not reflect any problems regarding lack of notice and, to the contrary, it appears

---

[1] Page 5 of the Certified Record is an internal Board memorandum dated February 4, 1999 which indicates that the Board was aware of the scheduling of your hearing for February 22, 1999 at least 18 days before the hearing. I find no indication in the record, however, indicating that you were served prior to February 22, 1999.

that you were willing to proceed with the February 22, 1999 hearing without the necessity of a continuance. Based on the Notice of Charges and Hearing set forth at page 25 of the Certified Record, as well as my telephone conferences with you and Attorney Glammer, it appears that you did not experience any prejudice as a result of the alleged inadequate notice. Finally, your petition does not have been unable to identify any prejudice to your case which may have resulted from the alleged lack of prior notice, and during our telephone conferences you were unable to state any prejudice resulting to your case as a result of the alleged lack of notice. Given the lack of prejudice and the lack of any objection, I find no basis for arguing that the alleged lack of notice has any impact upon your case.

The next issue you raise is that the Board's decision was not based on the revocation hearing held on February 22, 1999. However, from my review of the record, it appears that the Board has based its decision with reference to the three technical violations upon your admission as set forth at pages 36, 37, and 38 of the Certified Record. With reference to the convictions at issue, certified records of the two convictions at issue were admitted into the record without objection as set forth at pages 37 through 39 of the Certified Record. Accordingly, it is my conclusion that there is sufficient evidence in the Record to support the conclusion that the Board's decision was properly based on evidence admitted at the time of the February 22, 1999 hearing.

The next two issues you raise are essentially identical. First, you contend that an off-the-record plea agreement was negotiated with the Hearing Examiner immediately prior to the commencement of the February 22, 1999 hearing. Similarly, you allege that if not for that plea agreement, the Board would not have had any witnesses to support the allegations underlying the three technical violations. In this regard, I have carefully interviewed you with reference to the conversations between you and the Hearing Examiner immediately prior to the February 22, 1999 hearing. In addition, I have contacted Attorney Glammer, who represented you at that hearing, and discussed the matter at length with him. As a result of those interviews, I have reached the following conclusions. First, you appear to be uncertain as to the exact content of any agreement between you and the Hearing Examiner. Second, Attorney Glammer is confident that although the Hearing Examiner may have represented to you that an admission on the technical violations would be one of the matters which he would take into account in forming a recommendation with reference to your case, there was no explicit representation to you, or agreement by the Hearing Examiner with reference to your admission. To the contrary, it appears that your admission was voluntary and was also supported by additional evidence appearing on the record with regard to the Board's declaring you delinquent on January 7, 1997 (page 8 of the Certified Record) as well as your arrests in Wilmington, Delaware on December 29, 1996 (page 10 of the Certified Record) and July 24, 1997 (page 9 of the Certified Record).

The next issue you have raised is with regard to the Board's calculation of the back time which you owe with reference to the charges for which you were placed on parole on February 26, 1996. Initially, I direct your attention to the calculations set forth at page 1 of the Certified Record which list the initial four convictions of record and which further provides an analysis as to your minimum date and original maximum date. As you will note, your original minimum date was set for February 22, 1996, which is a proper calculation of the minimum date regarding the sentences imposed in Allegheny County on February 22, 1993. As you will note, you received two concurrent sentences of three to ten years each. In a similar fashion, it appears that the original calculated maximum date of February 22, 2003 is correct. I now respectfully direct your attention to the calculation set forth at page 69 of the Certified Record. As you will note, that document correctly reflects your original maximum date of February 22, 2003. The calculation proceeds with a determination that as of your release on parole on February 26, 1996, you owed a total of

six years 11 months and 26 days back time.  Please note that I have independently confirmed that the calculation of back time owed is correct.

The question now arises as to what credit, if any, you are to be afforded with reference to the period of time between your release on parole on February 26, 1996 and your subsequent return to custody in Pennsylvania on October 19, 1998.  Initially, please note that you were declared delinquent by the Board on January 7, 1997.  Because you were not returned to custody in the Commonwealth of Pennsylvania (due to incarceration in the State of Delaware) you did not receive any credit time for the period between the time that you were declared delinquent and the date on which you were returned to Pennsylvania.  Although you were incarcerated in the State of Delaware, please note that you are not entitled to credit against your maximum sentence for the time that you spent so incarcerated.  Specifically, the Sentencing Code mandates that you only receive credit against a sentence for time spent in custody for the particular charges for which that original sentence was imposed.  42 Pa.C.S. § 9760; see also *Commonwealth v. Sheetz*, 217 Pa.Super 76, 268 A.2d. 193 (1970).  In addition, the Board acted properly in refusing to grant you credit for the time you spent on the street between February 26, 1996 and the declaration of delinquency on January 7, 1997.  Specifically, individuals who are recommitted by the Board as convicted parole violators for having committed new crimes while on parole of which they were subsequently convicted are precluded by Section 21.1(a) of the 1941 Parole Act from receiving credit for that street time.  That section specifically prohibits those convicted parole violators from receiving credit against their maximum sentences for time spent at liberty on parole.

Finally, you have raised an objection to the Board's determination that you present a threat of safety to the community.  However, it appears that the convictions which were admitted into the record at the February 22, 1999 revocation hearing without objection establish that you did, in fact, commit the offenses of robbery and possession of a controlled substance within 1,000 feet of a school.  With these convictions being established of record, it is my professional opinion that substantial evidence does appear of record to support the subject determination by the Board.

Accordingly, having determined that none of the issues you have raised present arguable merit on appeal, my obligation as an officer of the court compels me to send this letter to you and to file the enclosed Petition for Leave to Withdraw as Counsel.  As you will note, I have also enclosed a form of Notice advising you of your right to either proceed *pro se* or to retain private counsel.  Unfortunately, my analysis and conclusions preclude me from taking any further action on your behalf.  As I have previously forwarded to you a complete copy of the Certified Record in this matter, you may proceed as you see fit.

Please be guided accordingly.

Sincerely,

Scott B. Bennett

SBB/tab

# TAB - 22

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

CARLOS CHICO WOODS,                  :   No. 196 MM 2000
                                     :
               Petitioner            :
                                     :
                                     :
         v.                          :
                                     :
                                     :
PENNSYLVANIA BOARD OF                :
PROBATION AND PAROLE,                :
                                     :
               Respondent            :

## ORDER

**PER CURIAM:**

**AND NOW**, this 11th day of January, 2001, the Petition for Leave to File Petition for Allowance of Appeal Nunc Pro Tunc is denied.

**TRUE & CORRECT COPY**

ATTEST: JAN 1 2 2001

*Shirley Bailey*

SHIRLEY BAILEY
CHIEF CLERK

REC'D PBPP
01 JAN 16 PM 4:20
OFFICE OF CHIEF COUNSEL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARLOS CHICO WOODS        :
                                   :

      Petitioner             :

                                   :    CIVIL NO. 1: CV-01-1078

                                   :

CHESNEY, et al.             :    (Judge Caldwell)

                                   :

      Respondents         :

## CERTIFICATE OF SERVICE

I, Victoria S. Freimuth, Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on September _12_, 2001, I served a true and correct copy of the foregoing Respondents' Answer to the Petition for Writ of Habeas Corpus, by causing it to be deposited in the United States Mail, first-class postage prepaid to the following:

      **Charlos Chico Woods, BY-9729**
      **SCI Frackville**
      **1111 Altamont Blvd.**
      **Frackville, PA 17931-2699**

                                   _V.S. Ont_
                                 **VICTORIA S. FREIMUTH**
                                   **Deputy Attorney General**