

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CARLOS CHICO WOODS,

      Petitioner,

  v.

CHESNEY, et. al,

      Respondents

CIVIL NO. 1:CV-01-1078

(Judge Caldwell)

FILED
OCT 10 2001
PER
HARRISBURG, PA.           DEPUTY C

# M E M O R A N D U M

## I. Background.

On June 18, 2001, Carlos Chico Woods, an inmate at the State Correctional Institution at Frackville, Frackville, Pennsylvania, filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After receiving an enlargement of time to respond to the petition, respondents filed an answer to the petition on September 12, 2001. Presently before the Court is Woods' motion for an enlargement of time to file a reply, or traverse, to the respondents' answer to his petition and a second request for the appointment of counsel (doc. 20). This Memorandum will address each request in turn.

## II. Discussion.

Woods seeks an enlargement of time to file a traverse to Respondents' answer to his petition. Woods notes that "he is being

denied adequate access to the Court's, by being given only a limited access to the prison law library" because of other civil actions he has initiated against the Department of Corrections. (doc. 11, ¶1). He further claims the extension is necessary "because he has been subjected to delay on the Respondents' Answer, in which the Respondents' requested an extension of time to file their answer." (Id., ¶3).

Prior to discussing the issues raised by Woods as justification for his request for enlargement, we will note that he will be granted a fifteen day enlargement of time to file a traverse to respondents' answer to his petition for habeas corpus. However, it is necessary to point out that this enlargement is granted, not as a result of finding validity in the reasons expressed by Woods in seeking the enlargement, as will be explained. First, contrary to his assertion, Woods was not "subjected to" any unreasonable delay as a result of the respondents' request, and this Court's granting, of an enlargement of time to respond to his petition such that it would cause him an harm or undercut his ability to timely comply with the filing of a traverse in the time frame originally established by the Court. Specifically included in this Court's order granting Respondents additional time to file a response was a provision that set Woods' date for filing a traverse from the date of his receipt of

-2-

respondents' filings (see doc. 17). Thus, there is no basis for Petitioner's assertion that he was some how "subjected to" or harmed with respect to his filing obligations when Respondents' motion for enlargement was granted. As this assertion is meritless it does not serve as a basis for our ruling on petitioner's motion for enlargement.

Secondly, Woods claims that he is being "denied adequate access to the prison law library" thus requiring the granting of an enlargement of time to file a traverse. It is well noted that prisoners have a constitutional right to access the courts, which is infringed upon when prison officials interfere with the prisoner's preparation of legal documents. See Casey v. Lewis, 518 U.S. 343, 350 (1996). To state a claim of denial of access to courts, an inmate must allege actual injury. Id. 518 U.S. 349. Actual injury is established by showing that litigation such as a direct appeal from conviction, a habeas petition or a civil rights action was frustrated or impeded and that the thwarted action was non-frivolous. Id., 518 U.S. 353-54. While Woods expresses dissatisfaction with his "limited access" to the prison law library, he has not stated he is barred from the law library or been prevented from initiating a nonfrivolous lawsuit, or had a complaint or appeal dismissed on legal technical grounds, or could not file an appeal or some other document because of the return of

-3-

his mail by some unidentified individual. Thus, Woods has failed to plead the requisite injury for a claim of interference with access to the courts at this point. See Lewis supra. Although we do not find Woods has asserted a meaningful access to courts claim, as pled in his current motion, his perceived need for additional time in law library to formulate a personally satisfactory traverse does serve as a basis for granting his request. Noting the delicate balance between the inmate's desired amount of access to the law library versus the prison official's competing needs to ensure access to all inmates equally and management/staff demands, Woods' request -- without the finding of validity of his access to court claim -- does serve as a reasonable basis for requesting, and granting, the enlargement sought.

Turning now to Woods' second request for appointment of counsel[1], Woods argues that his equal protection claim presented in his petition raises "a serious federal constitutional question, as to whether or not the Pennsylvania Board of Probation and Parole have violated his constitutional rights" on the basis of his race and religious affiliation, and that because he believes this claim will demand "intense discovery of documents and materials from the

---

[1] In July 2001, Woods filed his first request for the appointment of counsel. (Doc. 9). On July 31, 2001, the petition was denied after the Court reviewed factors used when considering a request for the appointment of counsel in habeas corpus matters. (Doc. 11).

-4-

respondents' and possible witnesses, counsel's appointment should be carefully considered to protect the petitioner's rights." (Doc. 20, ¶¶2 and 4). This being said, Woods has not asserted any new reasoning or facts that would lead the Court to change its view of the legal complexities of the issues raised in his petition or his ability to litigate this matter. Consistent with our prior Order on this issue, a review of several factors is made in deciding whether the "interests of justice require" the appointment of counsel for a petitioner in a habeas corpus proceeding, including the complexity of the factual and legal issues in the case and the pro se petitioner's ability to investigate facts and present claims. Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992)(citing Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990)). For example, it has been held that there was no abuse of discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, see Terrovona v. Kincheloe, 912 F.2d 1176, 1177 (9th Cir. 1990), cert. denied, 499 U.S. 979 (1991), or the issues were "straightforward and capable of resolution on the record," Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990), or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions." LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987). In this case, there appear to be no

-5-

circumstances which warrant the appointment of counsel at this time. Nor has Woods provided the Court with any new reasoning to change our opinion. The court's liberal construction of pro se pleadings, e.g., Haines v. Kerner, 404 U.S. 519, 520 (1972), coupled with petitioner's apparent ability to litigate this action pro se, militate against the appointment of counsel.

As noted in our previous order, if future proceedings demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon a motion properly filed by the petitioner.

We will issue an appropriate order.

*William W. Caldwell*
WILLIAM W. CALDWELL
United States District Judge

Date: October 10, 2001

-6-

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CARLOS CHICO WOODS,

    Petitioner,

v.

CHESNEY, et. al,

    Respondents

CIVIL NO. 1:CV-01-1078

(Judge Caldwell)

## O R D E R

AND NOW, this 10th day of October, 2001, upon consideration of petitioner's motion for an extension of time to file a reply to the respondents' answer to his petition for writ of habeas corpus and second request for appointment of counsel (doc. 20), it is ordered that:

1. The motion is granted in part and denied in part.

2. Petitioner's motion for an extension of time to file a reply to the respondents' answer to his petition for habeas corpus is granted. The petitioner shall have fifteen days from the date of this order to file a reply, or traverse, to the Respondents' answer to his petition for habeas corpus.

3. Petitioner's second request for the appointment of counsel is denied.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

FILED
OCT 10 2001
PER _____
HARRISBURG, PA.   DEPUTY

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

October 10, 2001

Re: 1:01-cv-01078    Woods v. Chesney

True and correct copies of the attached were mailed by the clerk to the following:

Carlos Chico Woods
SCI-F
BY-9729
SCI at Frackville
1111 Altamount Blvd.
Frackville, PA  17931-2699

Victoria S. Freimuth, Esq.
Office of Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA  17120

Francis R Filipi
Deputy Atty General
Office Of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA  17120

```
cc:
Judge                         (✓)       (✓) Pro Se Law Clerk
Magistrate Judge              ( )       ( ) INS
U.S. Marshal                  ( )       ( ) Jury Clerk
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Ct Reporter                   ( )
Ctroom Deputy                 ( )
Orig-Security                 ( )
Federal Public Defender       ( )
Summons Issued                ( )  with N/C attached to complt. and served by:
                                   U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5           ( )
Order to Show Cause           ( )  with Petition attached & mailed certified mail
                                   to:  US Atty Gen  ( )    PA Atty Gen ( )
```

Bankruptcy Court        ( )
Other_____ ( )

DA of County ( )   Respondents ( )

MARY E. D'ANDREA, Clerk

DATE: _____10/10/01_____

BY: _____ASm_____
Deputy Clerk