UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CARLOS CHICO WOODS,                    :
                                       :
              Petitioner,              :
                                       :      CIVIL NO. 1:CV-01-1078
       v.                              :
                                       :      (Judge Caldwell)
CHESNEY, <u>et</u>. <u>al</u>,        :
                                       :
              Respondents              :



M E M O R A N D U M

I.    <u>Introduction</u>.

        Petitioner, Carlos Chico Woods, has filed a pro se

petition under 28 U.S.C. § 2254, challenging an August 1999

decision of the Pennsylvania Board of Probation and Parole

(Board), revoking his parole and imposing eighty-two months of

backtime.[1]

        Petitioner raises the following grounds for relief.

First, the Board violated his right to equal protection in the

following ways: (1) other parole violators were given less time in

prison even though they were second- and third-time violators and

Petitioner was only a first-time parole violator; (2) Petitioner

---

        [1]This is the proper statutory section to invoke to challenge
a parole decision. *See Coady v. Vaughn*, 251 F.3d 480 (3d Cir.
2001)(dealing with denial of parole).

received the maximum backtime because he is both African American and a Muslim (although conceding that other African Americans have been treated the same as whites on parole-revocation decisions).

Second, the Board violated due process in the following ways: (1) Petitioner was given only two days' notice of his parole-revocation hearing, preventing him from preparing an adequate defense; (2) Petitioner did not meet the counsel assigned to his case before the hearing and the Board was not prepared to hear his case; (3) the hearing examiner told him that if he pled guilty to the technical violations, the six to twelve months he would receive for those violations would run concurrently with the time he received for the new conviction, but after Petitioner agreed to this, because he did not know his counsel and had been given such short notice, he actually received ninety-one months, maxing him out on his sentence. Fourth, Petitioner's sentence was extended beyond the maximum sentence date of May 2002 to October 2005, thereby illegally extending his sentence three years.

Finally, Petitioner contests the merits of the decision concerning the amount of backtime, arguing that the Board did not take into account certain mitigating factors, such as programs completed in prison without any disciplinary infractions and Petitioner's status as a first-time parole violator, that should have reduced the amount of backtime he was ordered to serve.

-2-

In his reply to Respondents' opposition, Woods raises the following claims for the first time: (1) the Board made its decision to retaliate against Petitioner's filing of civil rights actions against the Commonwealth; (2) the Board violated the double jeopardy clause when it extended Petitioner's sentence beyond the maximum; and (3) the Board denied a recent application for parole.

II.    Background.

Petitioner was convicted in the Court of Common Pleas of Allegheny County, Pennsylvania, on two drug charges, one for possession with intent to deliver and the other for delivery.  On the first charge, the relevant one for our purposes, Petitioner was sentenced to three to ten years.[2]  At that time, Woods's minimum expiration date was February 22, 1996, and his maximum expiration date was February 22, 2003.

About three years later, on February 26, 1996, Petitioner was paroled and was subjected to parole supervision in New York State.  At some point, he absconded from New York.  On December 29, 1996, he was arrested in Wilmington, Delaware, for robbery.  In May 1997, New York notified the Board that Petitioner

---

[2]On the second charge, Petitioner received from one to five years.

had left that state.  In July 1997, Woods was convicted in Delaware on the robbery charge and was sentenced to three years. Delaware released Petitioner on probation after six months.

On July 25, 1997, the National Crime Information Center notified the Board that Woods had been arrested in Delaware.  The Board contacted Wilmington police, but before any action was taken Petitioner had been released on probation.  On August 12, 1997, the Board declared Petitioner delinquent.

Petitioner was arrested again in Wilmington, Delaware, on drug charges.  On October 3, 1997, the Board issued a warrant for his arrest.  On December 3, 1997, Delaware convicted Petitioner of possession of cocaine within 1,000 feet of a school and resisting arrest.  He was sentenced on the same day to two years, with one year suspended.

After service of that sentence, Petitioner was detained in Delaware to face Board charges of violating his parole by having committed his two Delaware offenses and by having committed the following technical violations of parole: (1) absconding to Delaware without permission of New York parole authorities; moving from his approved residence in Brooklyn, New York, without prior

-4-

approval from parole authorities; and (3) failing to maintain regular contact with parole authorities.[3]

On October 23, 1998, Woods waived extradition and was returned to Pennsylvania. On February 22, 1999, he had a revocation hearing. He was represented by counsel. At the hearing, Woods admitted the first and third technical violations. The Board admitted into evidence certified records of the two Delaware convictions.

On April 27, 1999, the Board issued a decision recommitting Petitioner for twenty-seven months as a technical parole violator and sixty-four months consecutively as a convicted parole violator, for a total of ninety-one months.[4] The reasons given were: (1) early failure on parole, (2) not amenable to parole supervision, and (3) considered a threat to the community.

On May 13, 1999, Woods filed a pro se petition for administrative review with the Board, raising the following five grounds: (1) his "parole hit" was "excessive"; (2) the Board provided insufficient justification for its decision; (3)

---

[3]Technical parole violations are violations of the conditions of parole other than the commission of other crimes. *See Hayes v. Muller*, 1996 WL 583180 at *1 n.1 (E.D. Pa.).

[4]A convicted parole violator is a parolee whose parole is revoked because he has committed another crime while on parole. *See Hayes, supra,* 1996 WL 583180 at *1 n.1.

impermissible factors were used; (4) the aggravating factors were not supported by substantial evidence in the record; and (5) Woods had the right to have the application fairly considered.

On July 13, 1999, Petitioner filed a supplemental petition for administrative review, raising the following grounds. First, he was informed of the revocation hearing on the same date it was held, leaving him unprepared.  Second, the Board was also unprepared for the hearing.  Third, Petitioner admitted to the technical violations only because the hearing examiner told him that he would receive only six to twelve months for those violations that would run concurrently with any time imposed for the Delaware offenses.  Instead, the time imposed for the technical violations and the convictions were excessive. Petitioner alleged that he would not have admitted the technical violations if not for the hearing examiner's representations. Fourth, Woods could have shown at the hearing by witnesses that he was not guilty of the robbery offense.  Fifth, the Board did not give Petitioner an opportunity at the hearing to show he was rehabilitated or that he should not have been given so much backtime in light of the time given violent parole violators.

On August 30, 1999, in response to the May 1999 petition for administrative review, the Board modified its decision, reducing the time for the technical violations to eighteen months,

-6-

giving Woods a new total of eighty-two months.  The Board

dismissed the July 1999 supplemental request, ruling that under 37

Pa. Code § 73.1(b)(3) supplemental requests are not authorized and

also noting that the request was untimely.

On September 21, 1999, Woods filed a petition for review

with the Pennsylvania Commonwealth Court under 42 Pa. C.S. §

763(a).[5]  The petition raised the following grounds, also

presented in the supplemental request for administrative relief.

First, he was given insufficient notice of the revocation hearing,

receiving notice on the same day it was held.  Second, the Board's

decision was not based on the hearing.  Third, the Board breached

the agreement Woods had with the hearing examiner concerning the

time he would serve for the technical violations and how that time

would run with the time imposed for the Delaware offenses.  Third,

the time the Board imposed exceeded the maximum on the original

sentence.  Fourth, there was no basis for the conclusion that he

was a threat to the community since he never committed any

assaultive behavior.

_____

[5]A parolee has a right under section 763(a) to appeal a Board
decision revoking parole, *see Kester v. Pennsylvania Board of
Probation and Parole*, 148 Pa. Commw. 29, 34, 609 A.2d 622, 624
(1992)(citing *Bronson v. Commonwealth, Board of Probation and
Parole*, 491 Pa. 549, 555-57, 421 A.2d 1021, 1024-25 (1980)),
unlike an inmate who has been denied parole, who has no right of
judicial review. *See Rogers v. Pennsylvania Board of Probation
and Parole*, 555 Pa. 285, 724 A.2d 319 (1999).

-7-

The Board filed a motion to limit the issues, arguing
that the commonwealth court should not consider the claims that
were raised for the first time before the Board in the
supplemental petition for administrative review.

The court appointed counsel to represent Woods.  After
consultation with Woods and revocation-hearing counsel, appellate
counsel filed a letter with the court requesting that he be
permitted to withdraw as counsel because, in his view, the claims
had no merit.  Counsel stated the following.  The claim that
Petitioner had not been given timely notice of the revocation
hearing lacked merit because the presentation at the hearing was
well prepared and because Petitioner could not identify any
prejudice resulting from late notice.  The claim that the Board's
decision was not based on the hearing was rebutted by the fact
that it relied on Petitioner's admissions to the technical
violations and the Delaware convictions entered into evidence.
The claim that there was an agreement with the hearing examiner as
to the time to be served on the technical violations was rebutted
by counsel's conversations with Petitioner and revocation-hearing
counsel by which appellate could not establish that any such
agreement had been made.  The claim concerning the calculation of
backtime was mistaken because the Board properly calculated the
amount of time Petitioner should serve as a convicted parole

violator, giving him the proper credit of nothing for his time spent on parole and time spent incarcerated in Delaware on his Delaware convictions. Finally, appellate counsel could not contend that the Board improperly considered Petitioner a threat to the community since he had been convicted of robbery and possession drugs within 1,000 feet of a school.

On July 21, 2000, the commonwealth court denied the appeal. Preliminarily, the court limited its review to the issues raised in the original petition for administrative review before the Board. The court decided that the Board had correctly refused to consider the issues raised for the first time in the supplemental petition because under 37 Pa. Code § 73.1(b)(4) that administrative petition was unauthorized and untimely.[6] The court concluded that the "law is well-settled that issues not raised before the Board are waived and will not be addressed by this Court," citing *McDaniel v. Pennsylvania Board of Probation and Parole*, 137 Pa. Commw. 598, 587 A.2d 42 (1991), and *Newsome v. Pennsylvania Board of Probation and Parole*, 123 Pa. Commw. 413,

---

[6]Section 73.1(b)(4) provides that "[s]econd or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received." 37 Pa. Code § 73.1(a)(4) has the same requirements for administrative appeals from revocation decisions. A parolee has thirty days to seek relief from the Board. *Id.* at §§ 73.1(a)(1) and (b)(1).

-9-

553 A.2d 1050 (1989).    (Respondent's attachment A, *Woods v. Pennsylvania Board of Probation and Parole*, No. 2503 C.D. 1999, slip op. at 8, (Pa. Commw. July 21, 2000).

Turning to the claims raised in the original administrative petition and reiterated in the petition for review before it, the court rejected them.    First, the backtime imposed was not excessive and it was supported by substantial evidence. The court noted that the Board modified the original twenty-seven months imposed for the technical violations by reducing the time to eighteen months, the top of the presumptive range for a technical violation that may be imposed under 37 Pa. Code § 75.4 without a written justification, citing *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131 (Pa. Commw. 1995). The court next concluded that the certified records of Petitioner's two Delaware convictions established that Woods was a convicted parole violator.    From there, the court also concluded that the amount of backtime was proper because under 61 P.S. § 331.21a(a) (Purdon 1999), a convicted parole violator, as opposed to a technical parole violator, *see* section 331.21a(b), losses the time he spent at liberty on parole.

On January 11, 2001, the Pennsylvania Supreme Court denied Woods's petition for allowance of appeal.    This habeas petition followed on June 18, 2001.    It raises for the first time

the following grounds for relief.  The Board violated Petitioner's right to equal protection in the following ways: (1) other parole violators were given less time in prison even though they were second- and third-time violators and Petitioner was only a first-time parole violator; (2) Petitioner received the maximum backtime because he is both African American and a Muslim, although he concedes that other African Americans have been treated the same as whites on parole-revocation decisions.

The habeas petition also presented the due process claims that the commonwealth court did not consider because they had been procedurally defaulted before the Board: (1) Petitioner was given only two days' notice of his parole-revocation hearing, preventing him from preparing an adequate defense; (2) Petitioner did not meet the counsel assigned to his case before the hearing[7] and the Board was not prepared to hear his case; (3) the hearing examiner breached an agreement concerning treatment of the technical violations.

The current petition also raises a claim presented to the commonwealth court that the Board had improperly extended Petitioner's maximum sentence by three years from May 2002 to October 2005.

---

[7]This claim was never presented to the Board or the commonwealth court.

-11-

III.  Discussion.

    A.  Failure to Exhaust As A Bar to Review
        of Certain Issues on the Merits.

Although Respondents have not raised the issue, we note sua sponte that Petitioner has failed to exhaust state-court remedies on his equal protection claims based on disparate treatment from similarly situated parole violators and on racial and religious bias.[8]

Under section 2254, a petitioner must exhaust his state-court remedies before a federal court can consider his claims on the merits.  See Coady v. Vaughn, 251 F.3d 480, 488 (3d Cir. 2001).  All claims had to have been presented to the state courts as the petitioner proceeded through his appeals, not just some of them.  See Whitney v. Horn, 280 F.3d 240, 250 (3d Cir. 2002)(all federal claims must have been presented to the state courts to satisfy the exhaustion requirement).  The petitioner has the burden of proving exhaustion.  Coady, 251 F.3d at 488.

If a 2254 petition contains unexhausted claims, it should be dismissed so that the petitioner can pursue state-court remedies.  See Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996).

---

[8]We may raise the exhaustion issue on our own motion.  See Hull v. Freeman, 932 F.2d 159, 164 n.4 (3d Cir. 1991), overruled on other grounds by Caswell v. Ryan, 953 F.2d 853 (3d Cir. 1992).

-12-

However, if resort to the state courts would now be clearly foreclosed, exhaustion is "excused," although the petitioner must hurdle certain procedural barriers, discussed below. *Whitney, supra*, 280 F.3d at 252-53.

We believe Petitioner cannot now return to the state courts. Woods had three potential state-court remedies for the Board's revocation decision: (1) a direct appeal, (2) a petition for a writ of mandamus, and (3) a habeas corpus petition under state law. *See Burkett v. Love*, 89 F.3d 135, 142 (3d Cir. 1996). Woods could have raised his equal protection claims in his direct appeal to the commonwealth court. That court has the authority to consider constitutional issues in direct appeals of parole-revocation decisions. *See Torres v. Pennsylvania Board of Probation and Parole*, 765 A.2d 418, 421 n.1 (Pa. Commw. 2000); *Snyder v. Pennsylvania Board of Probation and Parole*, 701 A.2d 635, 636 n.2 (Pa. Commw. 1997). However, a direct appeal is no longer open to Petitioner because he already pursued one. Additionally, because Petitioner did have an appeal available to him, the state courts would not allow him to pursue mandamus or a state habeas petition because the state courts do not allow these proceedings to substitute for an appeal. *See Pennsylvania Dental Ass'n v. Commonwealth, Insurance Department*, 512 Pa. 217, 227-28, 516 A.2d 647, 652 (1986)(mandamus)(collecting cases);

-13-

*Commonwealth, Department of Corrections v. Reese*, 774 A.2d 1255,

1260 (Pa. Super. 2001)(citing *Commonwealth v. Wolfe*, 413 Pa.

Super. 583, 605 A.2d 1271 (1992))(state habeas).

Because relief in the state courts is clearly

foreclosed, Woods does not have to return to them to exhaust his

remedies.  However, this does not mean that he can benefit from

his procedural default in the state courts by having us review the

merits of his claims.  Before we can examine their merits,

Petitioner must first show "cause and prejudice" justifying the

state-court default or, failing that, that a fundamental

miscarriage of justice would result if we did not consider the

merits.  *See Lines v. Larkins*, 208 F.3d 153, 166 (3d Cir. 2000).

To satisfy the first exception, Petitioner must show:

(1) cause for his failure to raise his claims in state court; and

(2) prejudice to his case as a result of that failure.  *McCleskey*

*v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

Cause must be something "external" to the defense that impeded the

attempt to raise the claims in state court.  *Werts v. Vaughn*, 228

F.3d 178, 192-93 (3d Cir. 2000).  Prejudice must be something that

"worked to his actual and substantial disadvantage" at his

revocation hearing as a result of the failure to raise the claims

in state court.  *Luby v. Brady*, 1996 WL 328589, at *4 (D.

-14-

Del.)(quoting *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct.

1584, 1596, 71 L.Ed.2d 816, 832 (1982)).

    The second exception, the miscarriage-of-justice test,

would also allow us to consider his claims on the merits.  In the

context of a challenge to a conviction, as the Third Circuit has

stated it:

> In the alternative, if the petitioner fails
> to demonstrate cause and prejudice for the
> default, the federal habeas court may still
> review an otherwise procedurally defaulted
> claim upon a showing that failure to review
> the federal habeas claim will result in a
> "miscarriage of justice."  Generally, this
> exception will apply only in extraordinary
> cases, i.e., "where a constitutional violation
> has probably resulted in the conviction of one
> who is actually innocent...." *Id.* at 496, 106
> S.Ct. 2639.  Thus, to establish a miscarriage
> of justice, the petitioner must prove that it
> is more likely than not that no reasonable
> juror would have convicted him. *Schlup v.
> Delo*, 513 U.S. 298, 326, 115 S.Ct. 851, 130
> L.Ed.2d 808 (1995).

*Werts*, 228 F.3d at 193.  In the context of parole revocation,

Petitioner would have to show that it is more likely than not that

no Board member would have decided that he had committed the

offenses resulting in revocation of his parole.  *Luby*, *supra*, 1996

WL 328589, at *4 n.4.

    Since we raised the exhaustion doctrine sue sponte,

before dismissing these claims, we will grant Petitioner an

opportunity to argue that he satisfies either of the two

-15-

exceptions to the doctrine and hence that we should entertain his equal protection claims on the merits.  *See Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000).

    B.   <u>A State Procedural Default that Is an Adequate and Independent State Ground Barring Consideration of Certain Claims</u>.

Woods has made a number of claims based on due process, including claims that he was given short notice of the revocation hearing and that the hearing examiner broke an agreement concerning the calculation of Petitioner's backtime.

The Board did not consider these claims because of procedural errors by Petitioner; they were untimely and were raised in a supplemental administrative petition.  Upon motion of the Board, the commonwealth court also refused to consider them, relying on precedent that precludes consideration of claims not raised below.

Although not argued by Respondent, this procedural default represents an adequate and independent state-law ground that bars consideration of the due process claims on the merits.[9]

_____

[9]We note that Petitioner sought allowance of appeal from the Pennsylvania Supreme Court which was denied by an order, but we need not assume the supreme court considered Woods's claims on the merits.  In these circumstances, we look to the last state-court opinion, here the commonwealth court opinion, and accept its disposition of the claims, which was on procedural grounds.  *See*

-16-

*See Szuchon v. Lehman*, 273 F.3d 299, 325 (3d Cir. 2001)(``A habeas court `will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'")(quoted case omitted). *See also Cabrera v. Barbo*, 175 F.3d 307 (3d Cir. 1999).[10]

However, as in the case of failure to exhaust, if Petitioner shows either cause and prejudice or a miscarriage of justice, then we may consider the claims on the merits. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640, 669 (1991). We will grant Petitioner an opportunity to do so.

C.    Remaining Claims.

Petitioner contests the merits of the decision concerning the amount of backtime by arguing that the Board did not take proper account of certain mitigating factors, such as programs completed in prison without any disciplinary infractions and Petitioner's status as a first-time parole violator, that

---

*Ylst v. Nunnemaker*, 501 U.S. 797, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

[10]We can raise this issue on our own motion. *Szuchon, supra,* 273 F.3d at 321 n.13.

-17-

should have reduced the amount of backtime he was ordered to serve.

This claim is not cognizable in federal habeas which only deals with violations of federal law or the federal constitution, not with whether state law was violated. *Smith v. Horn*, 120 F.3d 400, 414 (3d Cir. 1997).[11]

We will issue an appropriate order.

_____
William W. Caldwell
United States District Judge

Date:   April 25, 2002

---

[11]We will also not address the claims raised for the first time in Petitioner's reply brief.

-18-