IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARLOS CHICO WOODS,
        Petitioner,

V.

CHESNEY, et. al,
        Respondents.

CIVIL NO. 1:CV-01-1078
(Judge Caldwell)

FILED
HARRISBURG, PA
MAY 09 2002
MARY E. D'ANDREA, CLE
Per _____ Deputy Clerk



### PETITIONER'S BRIEF IN SUPPORT OF CAUSE AND PREJUDICE AND/OR MISCARRIAGE OF JUSTICE ON HIS EQUAL PROTECTION AND DUE PROCESS CLAIMS

**AND NOW COMES,** The petitioner <u>Carlos Chico Woods</u>, respectfully requestin that this Honorable Court's accept his Brief In Support of the above.

### I. Brief Statement Of Facts

Petitioner states that he has made every attempt to bring his due proces and equal protection claims before the state courts, but to no avil did the state court's accept his claims.

Petitioner further states that he has also informed the states court's that because he was unrepresented by counsel, he did not know that he had to argue his complaint in a certain fashion. He argued claims that were in the area of his due process rights, and did not argue his claims of equal protection, because he did not know how to do such. Petitioner on a number of occations informed the state courts that he was not familiar with the laws and needed the assistance of counsel to assist him. These requests were denied a number of times, and when the petitioner was appointed counsel in his petition for review, counsel fail to argue the petitioner's claims because he thought that the claims were not arguable, and without merit. This can be seen in the brief that court appointed counsel filed trying to have himself withdrawn from the petitioner's case. This caused the petitioner to abandon those claims, because before counsel filed his petition for leave to withdraw, he had the petitioner believe that he was going to win his case for him on the claims that he had already put before the Court's. This denied the petitioner a fair right to have his claims heard by the Court's.

Petitioner now states that when he tried to inform the Court's of counsel's failure to file his claims under the equal protection and due process claims, the Court's denied to hear the petitioner's arguments in his supplimental complaint, which was rejected by the state court's without the petitioner's knowledge.

Petitioner states that he was not able to argue or amend his petition, because for some reason he did not ever receive a copy of the state court's order filed on July 21, 2000, nor did he receive the Parole Board's motion to limit the petitioner's appeal by rejecting the petitioner's supplemental petition, this was brought before the attention of the State Supreme Court in the petitioner's Petition For Allowance of Appeal Nunc Pro Tunc, but the Court's rejected the petitioner's claims, and denied that petition on January 11, 2001, the petitioner did not know where to turn next, and it wasn't till April 11, 2001 that the petitioner found out that he was denied parole once again, but under violations of his equal protection rights, and his due process rights under prejudice cercumstances, so he sought to his las resault, this Habeas Corpus Petition, because he knew that he was time barred by law that he had researched prior to seeking relief in this Court.

Petitioner finally states that because it was the fault of the State Court's that he was unable to present his claims sooner, and because the claims that he is presenting before this Honorable Court's is one that if not proper addressed by this Court's, would cause not only the petitioner a serious miscarriage of justice, but also other parole violators who come before the Board on violations. Petitioner further states that if these claims are not properly reviewed and heard before this Honorable Court's, it will cause an serious of miscarriage of justice, because it will effect the Court's original sentence, and the petitioner will be left subject of a double jeopardy sentenc in which was imposed by the Parole Board. This will cause the petitioner a great miscarriage of justice if not heard and corrected. Petitioner states that he is presently without cause on a number of cases before this Honorable Court's, and before the Supreme Court of Pennsylvania on an Petition for Allowance of Appeal, and is in need of counsel to assist him in this matter, as well as in the other matters. Petitioner also states that he is presently ill, and unable to do so much, because he is being denied medical treatment.

**WHEREFORE,** The petitioner respectfully requests that this Honorable

Court's allow him to proceed in this Court, on his Habeas Corpus Petition. And that he be excused for coming to this Court's with claims that if not for court appointed counsel's ineffectiveness, he would have been able to raise in State Court's, and in the Interests of Justice to avoid a serious miscarriage of justice in this case, allow his petition to stand before this Honorable Court's. The petitioner thanks this Honorable Court's for its' time and consideration in this matter...

Dated: May 03, 2002

Respectfully Submitted

x. *Carlos C. Woods*

Mr. Carlos Chico Woods, Pro-se
BY-9729 SCI.Frackville
1111 Altamont Blvd.
Frackville, Pa 17931-2601

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
CERTIFICATE OF SERVICE OF AN INCARCERATED PERSON

I, Carlos Chico, Hereby Certify that on the 08th day of May, 2002. He placed the attached legal document in the hands of the prison officials, by placing said document in the prison's U.S. Mail Box for immediate forwarding to the party/parties below:

Mary E. D'Andrea, ESQ.
Clerk of Courts
U.S. District Courts
228 Walnut Street
P.O. Box 983
Harrisburg, Pa 17108

Kathleen Zwierzyna
Board Secretary
Pennsylvania Board of Probation
And Parole
1101 South Front Street, Suite 53
Harrisburg, Pa 17104-2519

I state under the penalty of perjury that the above statement is a true and correct one to the best of my ability....

Respectfully Submitted
x. Carlos C. Woods
Mr. Carlos Chico Woods, Pro-se
BY-9729 SCI.Frackville
1111 Altamont Blvd.
Frackville, Pa 17931-2601