UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CARLOS CHICO WOODS,                :
                                   :
            Petitioner,            :
                                   :    CIVIL NO. 1:CV-01-1078
        v.                         :
                                   :    (Judge Caldwell)
CHESNEY, et. al,                   :
                                   :
            Respondents            :

O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

By memorandum and order of April 25, 2002, we required the pro se Petitioner, Carlos Chico Woods, to file a brief addressing the cause-and-prejudice and miscarriage-of-justice standards before we addressed his claims that the Pennsylvania Board of Probation and Parole (Board) had denied him equal protection and due process in revoking his parole. We decided the other claims had no merit.[1]

---

[1] Sua sponte, we raised both failure to exhaust and state-court procedural default. Both issues can be raised on the court's own motion. See Lambert v. Blackwell, 134 F.3d 506, 514 (3d Cir. 1997)(citing 28 U.S.C. § 2254(b)(3) which requires an express waiver of exhaustion); Sweger v. Chesney, ___ F.3d ___, ___, 2002 WL 1389973, at *11-12 (3d Cir. 2002) (approving of district court's raising procedural default on its own motion).

In a brief filed May 9, 2002, Petitioner has responded. On the cause-and-prejudice standard, he has discussed the cause prong but has not attempted to establish prejudice. On the miscarriage-of-justice standard, he has only argued conclusionally that such a miscarriage would occur if we do not examine the merits of his claims.

We agree with Respondents that this is not sufficient. Elaborating a bit, we note the following.

Petitioner attempts to establish cause by relying on his layperson's status. However, as stated in our April 25 memorandum, cause must be something "external" to Petitioner; consequently, he cannot rely on his own lack of training to establish cause. *See Caswell v. Ryan*, 953 F.2d 853 (3d Cir. 1992). Petitioner also argues that cause was established by his lawyer's ineffectiveness. However, there is no Sixth Amendment right to counsel in parole-revocation hearing. Instead, a right to counsel in such proceedings arises only from the case-by-case needs of due process, *see Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and we see no violation of the due process right to counsel here. We also note that Petitioner did have counsel representing him, appointed under Pennsylvania law, both at the hearing and on appeal.

As to prejudice, the only claim that might show prejudice is the due process claim that the hearing examiner agreed to run the technical-violator term concurrently with the convicted-parole-violator term if Petitioner admitted the technical violations. However, Petitioner has not attempted to show his innocence of the technical violations and even if he succeeded, we could not order enforcement of the alleged agreement; any remedy would be left to the Board. *Cf. Dunn v. Colleran*, 247 F.3d 450, 462 (3d Cir. 2001)(state courts will be given option to decide appropriate remedy for breach of plea agreement).[2]

As to the miscarriage-of-justice standard, in the context of parole revocation, Petitioner would have to show that it is more likely than not that no Board member would have decided that he had committed the offenses resulting in revocation of his parole. *Luby v. Brady*, 1996 WL 328589, at *4 n.4 (D. Del.). Since Petitioner stands convicted of two Delaware crimes, we do not believe that any Board member would have decided he had not committed the crimes leading to revocation of parole.

---

[2] We also note that appellate counsel filed a letter with the Pennsylvania Commonwealth Court, stating his conclusion, after discussion with revocation-hearing counsel and Petitioner, that no such agreement or promise existed. (Respondents' answer, attachment U).

Accordingly, this 10th day of July, 2002, it is ordered that:

    1. The petition (doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2254 is denied.

    2. Respondents' motion to dismiss (doc. 28) the petition is dismissed as moot.

    3. A certificate of appealability is denied.

    4. The Clerk of Court shall close this file.

*William W. Caldwell*
William W. Caldwell
United States District Judge